## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
#### (Alexandria Division)

ZOROASTRIAN CENTER AND    *
DARB-E-MEHR OF METROPOLITAN
WASHINGTON, D.C.    *

     **Plaintiff**    *

**v.**    *

     **Case No. 1:13cv980-LO/TRJ**

RUSTAM GUIV FOUNDATION OF    *
NEW YORK,
   *

AND
   *

JAMSHID VARZA, TRUSTEE,
   *

AND
   *

ESFANDIAR ANOUSHIRAVANI, TRUSTEE,
   *

AND
   *

KEIKHOSRO MOBED, TRUSTEE,
   *

AND
   *

MEHRABAN SHAHRVINI, TRUSTEE,
   *

AND
   *

DARYOUSH JAHANIAN, TRUSTEE A/K/A/ DARIUSH JAHANIAN, TRUSTEE,
   *

AND
   *

ROSTAM SARFEH, TRUSTEE,
   *

AND
   *

ROSTAM GHAIBI, TRUSTEE
   *

     **Defendants**
   *

## OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW the Plaintiff, the Zoroastrian Center and Darb-E-Mehr of Metropolitan Washington, D.C. ("ZCDMW") and for its Opposition to the Motion for Judgment on the Pleadings filed by Defendant, Rustam Guiv Foundation of New York, ("Rustam Guiv"), states as follows:

## Preliminary Matter

This matter is before the Court because of the Notice of Removal filed by this Defendant. ZCDMW has filed its Opposition to that removal, and Motion to Remand to the Circuit Court. Until such time as the issue of jurisdiction in this Court is determined, any consideration of a Motion for Judgment on the Pleadings is premature. Moreover, Plaintiff should not be put to the time and expense of responding to the Motion until such time as it is determined jurisdiction exists in this Court. Without waiving the foregoing, in an effort to protect its interest, ZCDMW will respond, summarily, to the Motion for Judgment on the Pleadings.

## Factual Background

ZCDMW is a religious, charitable, and educational organization dedicated to building a Zoroastrian Darb-e Mehr, or place of worship, in the Washington D.C. metropolitan area. As part of that endeavor, in July 1991, ZCDMW, as Lessee, entered into a Lease with Rustam Guiv, as Lessor, for a parcel of real estate located in Fairfax County, having a street address of 2347 Hunter Mill Road, Vienna, Virginia 22181, ("Vienna Property"). The lease is for a term of ninety nine (99) years, commencing July 1, 1991 for a total rent of $99 payable at the rate of $1 per year. Under the terms of the lease, ZCDMW was entitled to use the Vienna Property for the construction of a place of Zoroastrian worship.

According to the land records of Fairfax County, the title holders of the Vienna Property are Defendants Daryoush Jahanian, Trustee a/k/a Dariush Jahanian, Trustee, Rostam Sarfeh, Trustee, and Rostam Ghaibi, Trustee. A copy of the Deed dated June 5, 1991 and recorded in Deed Book

7828 at page 0193 is attached hereto as Exhibit A.  On January 8, 2004, an Order was entered by the Circuit Court of Fairfax County approving the appointment of Defendants Jamshid Varza, Trustee, Esfandiar Anoushiravani, Trustee, Keikhosro Mobed, Trustee, Mehraban Shahrvini, Trustee, and Daryoush Jahanian, Trustee a/k/a/ Dariush Jahanian, Trustee as the Trustees of Rustam Guiv. A true and accurate copy of said Order is attached hereto and made a part hereof, marked Exhibit B. That Order was recorded among the Fairfax County land records in Deed Book 15062 at page 1349.

On January 1, 2009, Rustam Guiv and ZCDMW entered into a Lease Amendment which ostensibly provided for the termination of the lease by written notice if a Darb-e-Mehr was not completed by March 15, 2013 and restarted the 99 year term as of January 2009, such that the lease did not expire until January 2108. A copy of the Amendment is attached as Exhibit C.

Rustam Guiv thereafter became involved with a separate entity, the Zoroastrian Association of Metropolitan Washington, Inc., headed by Mr. Khodamorad Kamran (also referred to as "Mr. Camran"), which was planning on building a worship center in Boyds, Maryland, known as the Kamran Darbe Mehr.  Upon information and belief, such involvement precipitated Rustam Guiv sending an email on March 7, 2010, instructing and demanding that ZCDMW immediately cease and desist all activities related to the development of the Vienna Property.  The directions by Rustam Guiv to ZCDMW to cease and desist any construction on the Vienna Property is made clear by a series of emails leading up to and subsequent to the March 7th, email.  In particular, is an email of August 16, 2010 in which Rustam Guiv reiterates "there is no need for a second [center]" and seeks to have ZCDMW turn over the funds it had raised for construction on the Vienna Property to the Maryland project.  Copies of the aforementioned email chain are attached as Exhibit D.

Notwithstanding the statements in the August 16, 2010 email, as of this date and time, the Kamran Darbe Mehr has not been completed.  Moreover, its ultimate fate is unknown, particularly

in light of Mr. Kamran's death on February 9, 2013.  Among the obstacles to completion of the facility are unresolved zoning issues and access to the property.

In recognition of the foregoing, on or about April 16, 2011, Rustam Guiv and ZCDMW entered into a Memorandum of Understanding ("MOU")that set forth new criteria for proceeding with the project. Among other things, the MOU required that the parties " mutually agree" upon "an accomplishment plan with milestones and deadlines....." Those criteria superceded those in the January 2009 Lease Amendment.   The parties have been operating under the MOU since its execution in April 2011.  A copy of the MOU is attached as Exhibit E.

ZCDMW recently learned that Rustam Guiv was actively marketing the Vienna Property for sale, asserting the same to be free and clear of the subject Lease.  It was only at that point that Rustam Guiv purported to give notice to  ZCDMW  that the Lease was being terminated.  Such notice prompted ZCDMW to file this action, and record its Lis Pendens among the land records of Fairfax County.  ZCDMW is seeking a declaratory judgment that the subject Lease remains in full force and effect, with ancillary relief related thereto.

## ARGUMENT

### I. Applicable Legal Standard

Rustam Guiv's recitation of the applicable case law regarding the standard to be applied in determining a motion to dismiss is accurate.  However, *Bell Atlantic V. Twomby,* 550 U.S. 544, 555 (2007), is not applicable to the Complaint at issue.  The subject Complaint makes factual allegations, it is not a mere offering of legal conclusions.

### II. There is an Actual Controversy

Rustam Guiv initially asserts that because it has sought to remove this action to this Court, that the Federal Declaratory Judgment Act applies versus the Virginia declaratory judgment provisions, Va. Code §8.01-184.  As support for its proposition it refers this Court to the decision

in *The Hipage Co., Inc. v. Access2Go, Inc.,* 589 F. Supp. 2d 602 (E.D. Va. 2008). While *Hipage* involved the removal of a state court declaratory judgment action, the opinion does not indicate the legal basis for the state court claim, nor does it discuss why the Federal act would substitute for the state statute upon removal. The opinion simply started discussing the Federal act case and its applicability to the case at hand. *Id at* 614.[1]

ZCDMW does not concede that the Federal act substitutes for the Virginia provisions. It filed its action based upon that provision, plead its case on that basis, and is entitled to proceed on the legal theory on which its case is based. *See Tapia v. U.S. Bank, N.A.,* 718 F. Supp. 2d 689, 696 (E.D. Va. 2010) (wherein the court indicated the Virginia declaratory judgment statute might apply in a case removed the District Court).

Nonetheless, the Federal act clearly does not support dismissal, much less dismissal with prejudice. As recited in the very case relied upon by Rustam Guiv, under the act "[t]he U.S. Supreme Court has stated, 'since its inception, the Declaratory Judgment Act has been understood to confer on federal courts *unique and substantial discretion* in deciding whether to declare the rights of litigants.'" Moreover, a federal district court has "great latitude in determining whether to assert jurisdiction over declaratory judgment actions" and "should refuse to entertain a declaratory judgment only for good cause.... A declaratory judgment 'is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *The Hipage Co., Inc. v. Access2Go, Inc.,* 589 F. Supp. 2d 602, 614 (E.D. Va. 2008) (emphasis supplied)

---

[1]In compliance with its obligation to recite authority that might be contrary to its position, ZCDMW acknowledges the decision of Judge Williams in *Kersey v. PHH Mortg. Corp.,* 682 F. Supp. 2d 588, 590 (E.D. Va. 2010) in which the Court held that the Virginia statute was procedural in nature and thus the Federal act controlled. ZCDMW does not, however, agree that the Virginia statute is procedural in nature.

In this instance, it is without question that a controversy exists as to whether ZCDMW has a valid lease on the Vienna Property or not. Moreover, ZCDMW is not seeking a ruling to avoid a potential suit waiting the wings, which in and of itself would be sufficient for a declaratory judgment action, *Hipage supra at* 615. In this instance, Rustam Guiv has made an actual assertion that the lease has been terminated. This action seeks to determine whether that purported termination was, in fact, effective and/or valid.

Rustam Guiv attempts to avoid is own implicit acknowledgment that a controversy ripe for determination exists by relegating ZCDMW's claim that Rustam Guiv is estopped by its own actions from asserting the lease is terminated to a footnote. Rustam Guiv's basis for its position is that the email of March 7, 2010 directly that ZCDMW stop development of the project really did not mean what it said. Of course, to accept that proposition, one must first make a factual finding as to the meaning of the email, which cannot be done on a Motion to Dismiss. Moreover, the series of emails both before and after the March 7 email, attached as Exhibit D, make clear the context of the direction to stop work.

In addition, Rustam Guiv did not make this Court aware of the MOU of April 16, 2011 (Exhibit E). When the MOU is added to the mix, all doubt about the sequence of events is clear. If anything, ZCDMW should be seeking judgment on the pleadings.

Lastly, it is to be noted that Rustam Guiv has made no effort to assert why ZCDMW's Complaint fails to sufficiently allege the elements of an estoppel.

Without in any way conceding the insufficiency of its pleadings, ZCDMW submits that under no scenario should any dismissal be with prejudice. If the Court were to find something lacking in the allegations, ZCDMW should have the right to amend to correct that deficiency.

### III. ZCDMW is not Seeking a Preliminary Injunction.

Rustam Guiv next argues that ZCDMW has not demonstrated it is entitled to a preliminary injunction. Its argument on this point is puzzling inasmuch as ZCDMW is not seeking a preliminary injunction. As noted earlier, Count II is ancillary to the relief requested in Count I. In Count II, ZCDMW seeks to have the court find that the lease is in full force and effect, and upon that determination, asks that Rustam Guiv be enjoined from taking any action to deprive ZCDMW of its rights under that lease.

### IV. ZCDMW has Properly Plead a Breach of the Lease.

Rustam Guiv's argument on this point is merely a repetition of its position as to Count I, and ignores the content of Count III. ZCDMW has plead in Count III that it has a valid lease in full force and effect, and contrary to that lease, Rustam Guiv is seeking to sell the Vienna Property free and clear of the lease. There is no deficiency in that pleading and the Motion for Judgment on the Pleadings is without merit.

WHEREFORE, for the foregoing reasons, the Plaintiff, Zoroastrian Center and Darb-E-Mehr of Metropolitan Washington, D.C. prays that the Motion for Judgment on the Pleadings be denied, and for such other and further relief as to this Court seems just and proper.

**Zoroastrian Center and Darb-E-Mehr of Metropolitan Washington, D.C.**
*By Counsel*

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile
Email: rvaughn@oconnorandvaughn.com

By _____
Robert L. Vaughn, Jr., VSB No. 20633
*Counsel for Plaintiff*

**Certificate of Service**

I hereby certify that I sent a true copy of the foregoing Opposition to Billy B. Ruhling, II, Troutman Sanders LLP, 1850 Towers Crescent Plaza, Suite 500, Tysons Corner, Virginia 22182 via facsimile (703-734-6529) and email (bill.ruhling@troutmansanders.com) this 6th day of September, 2013.

_____
Robert L. Vaughn, Jr.

91 067431·        JUN -7  ⌐ ɔ0

BK 7828  0193

THIS DEED, made this ___5th___ day of June, 1991, by and between PLASEIED & ASSOCIATES PARTNERSHIP, (also known of record as PLASEIED AND ASSOCIATES), a Virginia General Partnership, by BADREDDIN PLASEIED, as General Partner, JOHN G. OLIVERIO, as General Partner, and MOHSEN ATHARI, as General Partner, hereinafter referred to as GRANTOR, and RUSTAM/GUIV FOUNDATION, by ROSTAM/SARFEH, as Trustee, ROSTAM GHAIBI, as Trustee, and DARIUSH /JAHANIAN, as Trustee, by ROSTAM/SARFEH, his true and lawful Attorney-in-Fact, hereinafter referred to as GRANTEE;

### W I T N E S S E T H:

That for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable consideration, receipt of which is hereby acknowledged, the GRANTOR does hereby grant, bargain, sell and convey, with GENERAL WARRANTY and with English covenants of title, unto the GRANTEE herein, the following described property, lying, situate and being in the County of Fairfax, State of Virginia, to-wit:

BEGINNING AT AN IRON PIPE SET ON THE EASTERLY RIGHT-OF-WAY LINE OF HUNTER MILL ROAD ROUTE 674 (VARIABLE WIDTH) SAID POINT BEING THE SOUTHWESTERLY CORNER OF KLING (DEED BOOK 6172, PAGE 443), THENCE RUNNING WITH THE SOUTHERLY LINE OF KLING; N. 82 DEGREES 46' 14" E. 639.68 FEET TO AN IRON PIPE FOUND, BEING THE SOUTHWESTERLY CORNER OF SAGHAFI (DEED BOOK 6564, PAGE 179), THENCE RUNNING WITH THE SOUTHERLY LINE OF SAGHAFI AND CONTINUING WITH A PORTION OF THE SOUTHERLY LINE OF McILHINEY (DEED BOOK 2880, PAGE 216); N. 82 DEGREES 43' 22" E. 344.24 FEET TO A POINT, BEING THE NORTHWESTERLY CORNER OF GOODWIN AND OLSON TRUSTEES (DEED BOOK 6511, PAGE 526), THENCE RUNNING WITH A PORTION OF THEIR WESTERLY LINE; S. 01 DEGREES 36' 39" E. 320.29 FEET TO AN IRON PIPE FOUND, BEING THE NORTHEASTERLY CORNER OF THE CHURCH OF THE GOOD SHEPARD UNITED METHODIST CHURCH, THENCE RUNNING WITH THEIR NORTHERLY LINE; S. 83 DEGREES 59' 23" W. 942.61 FEET TO AN IRON PIPE SET ON THE AFOREMENTIONED EASTERLY RIGHT-OF-WAY LINE OF HUNTER MILL ROAD, THENCE RUNNING WITH SAID RIGHT-OF-WAY; 298.71 FEET ALONG THE ARC OF A CURVE DEFLECTING TO THE LEFT HAVING A RADIUS OF 2892.29 FEET AND A CHORD BEARING N. 09 DEGREES 10' 47" W. 298.58 FEET TO THE POINT OF BEGINNING CONTAINING 296,455 SQUARE FEET OR 6.80568 ACRES.

AND BEING THE SAME PROPERTY CONVEYED TO THE GRANTOR HEREIN BY DEED DATED SEPTEMBER 14, 1987, FROM RICK J. LaFALCE (ALSO KNOWN AS FREDERICK J. LaFALCE), AND FRANCES S. LaFALCE, HUSBAND AND WIFE, RECORDED IN DEED BOOK 6847, AT PAGE 1114, AMONG THE AFORESAID LAND RECORDS.

This conveyance is in trust with the full power and authority in said Trustee to sell, lease, encumber or otherwise deal with and dispose of said property and no person dealing with said Trustee shall be required to inquire as to the disposition of any proceeds.

The GRANTEE herein, as part of the consideration of this conveyance does hereby assume and agree to pay the existing balance of $100,000.00 on that certain Deed of Trust dated January 31, 1991, naming Commonwealth Abstract Corporation, Trustee, made by Plaseied and Associates, a Virginia General Partnership, payable to Horizon Bank of Virginia, in the original principal amount of $450,000.00, recorded in Deed Book 7747, at Page 265, among the aforesaid land records, as evidenced by their signatures hereto.

This conveyance is made subject to the conditions, restrictions, easements and reservations of record.

RETURN TO:   WILLIAM A. MARSHALL
7006-G LITTLE RIVER TURNPIKE
ANNANDALE, VIRGINIA 22003

CONSIDERATION:  $450,000.00
ASSUMED TRUST:  $100,000.00

PROPERTY ADDRESS:  2347 Hunter Mill Road
Vienna, Virginia 22181

GRANTEE ADDRESS:  7190 Via Carri
La Jolla, CA 92037

TAX MAP NUMBER:  037-2-01-0026

T-5509MT



EXHIBIT

A

ALL-STATE LEGAL®

WITNESS the following signatures and seals:

PLASEIED & ASSOCIATES PARTNERSHIP,          RUSTAM GUIV FOUNDATION
   a Virginia General Partnership

By: _____ (SEAL)          By: _____ (SEAL)
   BARREDDIN PLASEIED,                          ROSTAM SARFEH, as Trustee
      as General Partner

By: _____ (SEAL)          By: _____ (SEAL)
   JOHN G. OLIVERIO,                             ROSTAM GHAIBI, as Trustee
      as General Partner

By: _____ (SEAL)          By: _____ (SEAL)
   MOHSEN ATHARI,                                DARIUSH JAHANIAN, as Trustee,
      as General Partner                            by ROSTAM SARFEH, his true
                                                         and lawful Attorney-in-Fact

STATE OF VIRGINIA
COUNTY OF FAIRFAX, to-wit:

   The foregoing Deed was acknowledged before me, the undersigned Notary
Public in and for the jurisdiction aforesaid, by PLASEIED & ASSOCIATES
PARTNERSHIP, a Virginia General Partnership, by BARREDDIN PLASEIED, as
General Partner, JOHN G. OLIVERIO, as General Partner and MOHSEN ATHARI,
as General Partner, this 5th day of June, 1991.

My Commission Expires:

May 9, 1992                               _____
                                                     NOTARY PUBLIC

STATE OF VIRGINIA
COUNTY OF FAIRFAX, to-wit:

   The foregoing Deed was acknowledged before me, the undersigned Notary
Public in and for the jurisdiction aforesaid, by RUSTAM GUIV FOUNDATION,
by ROSTAM SARFEH, as Trustee, ROSTAM GHAIBI, as Trustee, and DARIUSH
JAHANIAN, as Trustee, by ROSTAM SARFEH, his true and lawful Attorney-in-
Fact, this 5th day of June, 1991.

My Commission Expires:

May 9, 1992                               _____
                                                     NOTARY PUBLIC

JUN -7 91

RECORDED FAIRFAX CO VA

TESTE: _____
                  CLERK

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

IN RE:
TRUSTEES OF RUSTAM                    CHANCERY NO.   186723
GUIV FOUNDATION

### ORDER APPROVING APPOINTMENT OF TRUSTEES

THIS CAUSE came on to be heard upon the Petition of JAMSHID VARZA,

ESFANDIAR ANOUSHIRAVANI, KEIKHOSRO MOBED, MEHRABAN SHAHRVINI and

DARYOUSH JAHANIAN, who in their capacities as Trustees of the Rustam Guiv

Foundation, have requested an Order approving the appointment of JAMSHID VARZA,

ESFANDIAR ANOUSHIRAVANI, KEIKHOSRO MOBED, MEHRABAN SHAHRVINI and

DARYOUSH JAHANIAN as Trustees of the Rustam Guiv Foundation.

IT APPEARING TO THE COURT that JAMSHID VARZA, ESFANDIAR

ANOUSHIRAVANI, KEIKHOSRO MOBED, MEHRABAN SHAHRVINI and DARYOUSH

JAHANIAN were duly appointed to serve as Trustees for the Foundation; and

IT FURTHER APPEARING TO THE COURT that JAMSHID VARZA,

ESFANDIAR ANOUSHIRAVANI, KEIKHOSRO MOBED, MEHRABAN SHAHRVINI and

DARYOUSH JAHANIAN have been confirmed as the Foundation Trustees; it is

therefore

ADJUDGED, ORDERED and DECREED that JAMSHID VARZA, ESFANDIAR

ANOUSHIRAVANI, KEIKHOSRO MOBED, MEHRABAN SHAHRVINI and DARYOUSH

JAHANIAN are hereby appointed as Trustees of the Foundation.



EXHIBIT
B

ENTERED this __8 TH__ day of __Jan__, 200**4**

_____

Circuit Court Judge

WE ASK FOR THIS:

WALSH, COLUCCI, LUBELEY,
EMRICH & TERPAK, P.C.

_____
Michael A. Mattock, Va. Bar No. 45613
9324 West Street, Suite 300
Manassas, Virginia 20110
(703) 330-7400, fax (703) 330-7430
Counsel for Petitioner

2

# LEASE AMENDMENT

This Lease Amendment is made as of this 1st day of January, 2009, by and between **RUSTAM GUIV FOUNDATION**, sometimes formerly known as **Rustam Guiv Foundation of New York**, herein "Lessor" and the **ZOROASTRIAN CENTER AND DARB-E-MEHR OF METROPOLITAN WASHINGTON, D.C. (ZCDMW)**, a Virginia non-profit corporation, herein "Lessee."

WHEREAS, Lessor and Lessee have previously entered into that certain Lease Agreement dated July 1, 1991 (herein the "Lease"), providing for a leasehold in the following described property situated in Vienna, County of Fairfax, State of Virginia:

> In Hunter Valley East Subdivision, Tax Map #37-2-001-26, deed book #6817, Page 1114, in the office of the County Recorder of said County. Total area of 6.7714 acres.

The premises are also known as 2347 Hunter Mill Road, Vienna, Virginia 22181 and are hereinafter referred to as the "Premises;" and

WHEREAS, Lessee has been unsuccessful in its efforts to build the place of worship and facility for the advancement of the Zoroastrian religion as contemplated by the Lease Agreement; and

WHEREAS, Lessee is desirous of amending the Lease as herein provided, and Lessor is agreeable to such amendment upon the terms and conditions herein contained.

NOW, THEREFORE, in consideration of the sum of Ten and no/100 ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. The recitals set forth above are true and correct and are a part hereof.

2. The parties agree that the Lease is in full force and effect, subject to the amendment herein contained. Effective January 1, 2009 (the "Effective Date"), the Lease is hereby amended to reflect and incorporate the terms of this Lease Amendment. In the event of any conflict between the terms of the Lease and this Lease Amendment, the terms of this Lease Amendment shall govern and control.

3. Lessee agrees to promptly begin preparation for and construction of a Darb-e-Mehr Religious Center for worship and practice of Zoroastrian religion, customs and traditions (the "Center") on the Premises. Lessee agrees to undertake such construction no later than November 1, 2009 (the "Start Date") and to complete construction of the Center no later than March 15, 2011 (the "Completion Date").

4. If Lessee has not commenced substantial construction activities satisfactory to Lessor by the Start Date, then Lessor may terminate the Lease; PROVIDED HOWEVER, that Lessor may, in its discretion, if it determines that satisfactory progress is being made in

{00041060. 1}



efforts to plan, fund and prepare for construction, extend the Start Date by up to an additional two years. Any such extension must be in writing, signed by the Lessor and Lessee, and must be executed no later than the initial Start Date above specified. If the Start Date is so extended, the Completion Date shall be extended by the same amount of time, up to a maximum of twenty-four (24) months. If Lessor determines, in its discretion, that substantial construction activity has not been undertaken by the extended Start Date, then by written notice to Assignee it may terminate the Lease.

5. If Lessee has not achieved substantial completion of construction of the Center satisfactory to Lessor by the Completion Date, then Lessor may terminate the Lease; PROVIDED HOWEVER, that Lessor may, in its discretion, if it determines that satisfactory progress is being made in efforts to complete construction, extend the Completion Date by up to an additional two years. Any such extension must be in writing, signed by the Lessor and Lessee, and must be executed no later than the initial Completion Date above identified. If Lessor determines, in its discretion, that substantial completion of construction of the Center has not been achieved by the extended Completion Date, then by written notice to Lessee it may terminate the Lease.

6. Anything to the contrary notwithstanding, and regardless of any and all extensions of the Start Date and/or the Completion Date, the Center must be completed no later than March 15, 2013 (the "Final Completion Date"). If Lessee has not achieved completion of construction of the Center satisfactory to Lessor by the Final Completion Date, then Lessor may by written notice terminate the Lease.

7. As of the Effective Date, the Lessor and Lessee agree that the term of the Lease shall be extended, and the extended term shall be 99 years from the Effective Date hereinabove specified, provided however, that the term of the Lease may be terminated sooner as provided in the Lease, and also as provided herein. Upon termination of the Lease, the Lessee's rights in and to the Premises shall immediately cease and the Lessee shall promptly and peacefully surrender the Premises to the Lessor.

8. This Agreement may be signed in duplicate originals, or in separate counterparts, which are effective as if the parties signed a single original.

IN WITNESS WHEREOF, the parties have executed this Assignment of Lease in three counterparts as of the date first above written by their duly authorized officers and representatives.

**LESSOR: RUSTAM GUIV FOUNDATION**

By: _D. Ichawan_ 12·31·08

**LESSEE: ZOROASTRIAN CENTER AND DARB-E-MEHR OF METROPOLITAN WASHINGTON, D.C. (ZCDMW)**

By: _William H_ 1/7/09

HORMEZ KHOSRAVI

{00041060.1}                                      2

**From:** FShahryary <fs@uniconservices.com>
**To:** rvaughn@oconnorandvaughn.com
**Cc:** vkaye@oconnorandvaughn.com
**Date:** Thursday, June 27, 2013 11:39 pm
**Subject:** FW: ZCDMW
**Attachments:**

**From:** Daryoush Jahanian [mailto:djahanian@gmail.com]
**Sent:** Tuesday, April 21, 2009 12:51 PM
**To:** FShahryary
**Subject:** Re: ZCDMW



DEAR Farhad:
Please before sending the package to the donors and asking for more donations, as you mentioned in your past correspondence, prepare the account report of the past twenty years and mail those reports to them to restore their confidence. I believe this is the way of restoring the public confidence and receiving more donations from those who have demonstrated good will once before and encouraging others to participate in this great cause.
Daryoush Jahanian


On Tue, Apr 21, 2009 at 7:41 AM, FShahryary <FS@uniconservices.com> wrote:

Dr Jahanian,



We just contracted Rivetna Architects to start the design for the darb e mehr. We also have prepared a marketing package for donors. I would like to send a preliminary copy to all the Guiv Trustees and a copy to Mr. Zartoshti. A letter to Mr. Zartoshti thanking him for his donation and report of the progress is in order. Our intension is to issue this letter to all our past donors with priority to those who have donated more than $10,000.



Please provide the Physical addresses for everyone that you want the package to go to. It is ready, we would like the Guiv trust input to finalize it.



Regards


Farhad Shahryary



EXHIBIT
D



**From:** Daryoush Jahanian [mailto:djahanian@gmail.com]
**Sent:** Monday, April 20, 2009 11:57 PM
**To:** FShahryary
**Subject:** ZCDMW

Dear Mr. Farhad Shahryary:

I had a call from Professor Soroushian who again raised Mr. Zartoshti's issue. He even suggested to have a telephone conference with you. I think telephone conference is possible but perhaps expensive. I believe the better way to start, is to issue an email on the progress made by ZCDMW to this day. After that we would like to be updated as needed. Once we receive the email if there are questions will communicate them to you.

Thank you for your atention,

Daryoush Jahanian

**From:** FShahryary <fs@uniconservices.com>
**To:** rvaughn@oconnorandvaughn.com
**Cc:** vkaye@oconnorandvaughn.com
**Date:** Thursday, June 27, 2013 11:40 pm
**Subject:** FW: Zoning Extension
**Attachments:**

**From:** Daryoush Jahanian [mailto:djahanian@gmail.com]
**Sent:** Monday, February 22, 2010 7:43 PM
**To:** FShahryary
**Subject:** Re: Zoning Extension

Thank you Farhad for sharing this information. Last week I talked to Mr. Camran and asked if the plan is certain should we make a public announcement? I found him to be man of his words. He told me I stand by any word that I have said. I am registering the Camran Foundation. But I will let you know as when to announce the joint plan. That will be when the architectural plan has been approved by the county and the dispute with the county in regard to the drainage tunnel has been settled. He however, was certain that the plan will move ahead.
On our part we should bring a C.P.A. to audit our account to find out about each donor's share of contribution and our expenditure. So that we can substitute those expenses under the circumstances, and our responsibility to each donor is realized. This should be done before we begin working with Mr. Camran.
I stay in touch
regards,
Daryoush Jahanian



On Mon, Feb 22, 2010 at 5:10 PM, FShahryary <FS@uniconservices.com> wrote:
Dear Dr. Jahanian,
I just wanted to share with you that our zoning has been extended to 2014 as stated in the attached letter. Pressure is off to make sound decisions.

Farhad

From: FShahryary <fs@uniconservices.com>

To: rvaughn@oconnorandvaughn.com
Cc: vkaye@oconnorandvaughn.com
Date: Thursday, June 27, 2013 11:40 pm
Subject: FW: Zoning Extension
Attachments:



**From:** Daryoush Jahanian [mailto:djahanian@gmail.com]
**Sent:** Monday, February 22, 2010 8:13 PM
**To:** FShahryary
**Subject:** Re: Zoning Extension

Correction:
The architectural plan and zoning have been approved.  Mr. Camran is waiting for the building permit. Then he will inform us to announce our joint plan.
Daryoush Jahanian

On Mon, Feb 22, 2010 at 7:07 PM, Daryoush Jahanian <djahanian@gmail.com> wrote:

---------- Forwarded message ----------
From: **FShahryary** <FS@uniconservices.com>
Date: Mon, Feb 22, 2010 at 5:10 PM
Subject: Zoning Extension
To: Daryoush Jahanian <djahanian@gmail.com>
Cc: Hormoz Khosravi <khosravih@hotmail.com>, "Zarir P. Khademian" <khademian@earthlink.net>, Shahnaz Gheibi <sgheibi@hotmail.com>, rostam Farahifar <rostam11@yahoo.com>

Dear Dr. Jahanian,
I just wanted to share with you that our zoning has been extended to 2014 as stated in the attached letter. Pressure is off to make sound decisions.

Farhad

**From:** FShahryary <fs@uniconservices.com>
**To:** rvaughn@oconnorandvaughn.com
**Cc:** vkaye@oconnorandvaughn.com
**Date:** Thursday, June 27, 2013 11:41 pm
**Subject:** FW: Vandsar
**Attachments:**

**From:** Daryoush Jahanian [mailto:djahanian@gmail.com]
**Sent:** Sunday, March 07, 2010 11:01 AM
**To:** FShahryary; K. E. Mehrfar; Soroosh Sorooshian; Zarir P. Khademian; banookamran@gmail.com
**Subject:** Vandsar



Dear Farhad and members of Vandsar:
It was a pleasure to have a telephone conference on Friday 3.5.10 with your members :Rostam Farrahifar, Hormoz Khosravi Farhad Shahriary. As far as I remember the others were absent. As I told you due to 20 years of inaction, the bad economical situation and the local community's division we have not been successful in raising fund. The decision was made by the trustees of Rutam Guiv Foundation to look at the Washington Dc in a practical manner. Now a Zoroastrian Temple is under construction by Mr. Camran. who has told us he will finish by the year-end. It is obvious that the local community of 100 families do not need more that one temple and construction of the temple will make the fund raising even more difficult because potential donors will tell us you have one temple and that is enough, why you want to build another one? I do not agree with the statistics of 300 families given on the phone and hoping the 500 Iranian families will help. These are hopes but not practical. We discussed the issue with Mr. Camran who told us he will will compleate the temple whether we participate or not. He has obtained the zoning and will let us finance any part other than the central hall that he wishes to budget that himself. This decision has been made and we agreed once the building permit was issued, to make it public.
For now I recommend the Vandsar to stop signing any contract and do not write any check as much as possible. If there has been a contract signed and job has been completed by now you may have to write the check for the job done by now. If checks have been issued but the jobs have not been started by now, inform them of our decision and negotiate for the return of the fund or whatever possible.
Again I have talked to Mr. Camran and I found him man of his words. Our best option which is the most practical one is to help him by all means to proceed get the job done as best as possible. As the trustees always expected from Vandsar and I always relayed that to you, you should hire an auditor or C.P.A. to audit the accounts of the past to clrify the names of the donore, the sums they contributed and our commitment to them, expenses such as taxes, legal fees, archtectural fees that have been spent. the trust is willing to finance the resonable fee for the accountant.
Daryoush Jahanian

**From:** FShahryary <fs@uniconservices.com>

**To:** rvaughn@oconnorandvaughn.com
**Cc:** vkaye@oconnorandvaughn.com
**Date:** Thursday, June 27, 2013 11:44 pm
**Subject:** FW:
**Attachments:**



**From:** Daryoush Jahanian [mailto:djahanian@gmail.com]
**Sent:** Monday, August 16, 2010 10:06 PM
**To:** FShahryary
**Subject:**

Dear Farhad, Hormoz, Rostam, Shahnaz and others:
as you know Mr. Camran's project is under way and it will be finished in few months. He has agreed to let us finance part of his project and name it after donors. By this center under construction, there is no need for the second one and remembering all the circumstances it will be impossible to CARRY ON WITH THE FUND RAISING. The trust of Guiv foundation would like to have another telephone conference to negotiate for the release of the funds toward this goal and we hope as always you will set the community's interest above all. We certainly appreciate your cooperation in the past. we look forward to settle this final issue. Please remember the community's wish to have a community center finally has become a reality and your assistance in this matter will be always remembered and appreciated.
Rustam Guiv Foundation
Daryoush Jahanian

**From:** FShahryary <fs@uniconservices.com>

**To:** rvaughn@oconnorandvaughn.com
**Cc:** vkaye@oconnorandvaughn.com
**Date:** Thursday, June 27, 2013 11:49 pm
**Subject:** FW: meeting of Sat.April 16, please forward to Rostam, Hormoz, Shahnaz and....
**Attachments:**

**From:** Daryoush Jahanian [mailto:djahanian@gmail.com]
**Sent:** Thursday, March 31, 2011 10:56 AM
**To:** FShahryary
**Cc:** Soroosh Sorooshian; K. E. Mehrfar; manijnad@yahoo.com; MS3490@telus.net
**Subject:** meeting of Sat.April 16, please forward to Rostam, Hormoz, Shahnaz and....



Dear Farhad and all:
We are going to meet Saturday April 16, 8 Am at Hilton Rockville , 1750 Rockville Pike,
Maryland 2085, Tel:301-468-1100 We have made reservation for a meeting room. The reason for
early start is that this day is Farhad's birthday. Let us wish Farhad a happy birthday and many
happy birthdays to come.
We will give you the full history of our activities and the reason why decided to stop construction
activities in Hunter Mill. Based on the lease contract, ZCDMW was responsible for the costs of
maintenance, insurance and taxes. These expenses have been met using the donations fund. We
feel responsible toward them. One idea is to open an escrow account and deposit the balance in
the access of ZCDMW with our share that includes whatever you have spent on Hunter Mill.
They include the construction costs up to March,7, 2010 when by email we requested that
construction be ceases, plus the taxes, court costs and costs of maintenance paid up to this day.
Based on the report that I have, on Monday Sept. 7, 2009 the total deposits of ZCDMW in the
three banks of Wachovi, T.D bank and City bank summed up to $343,646.16 and $50,000
donatation by Dr. Abtin Sassanfar on Oct 21,09 that will bring up the total deposits to
$393,646.16
On the other hand based on the list of the donors you have provided including Dr.Sassanfar's
$50,000 donation, the total donations sums up to $561,666.00 that leaves the difference of
$168,019.84 that should be our share. If these numbers are not correct, then we need ZCDMW's
accurate report. The escrow account if set up by ZCDMW and Guiv trust, will be spent for
Washington DC Z. Community such as current building underway and future expansions. It
meets our moral duties to those donors who out of goodwill gave for the future of Z. community.
It will become practical only with our goodwill and full co-operation. If you have questions,
please do not hesitate to communicate to me.
Thank You,
Daryoush Jahanian



**Rustam Guiv Foundation**
c/o Daryoush Jahanian, M.D., Trustee
1835 N. 78th Place
Kansas City, Kansas 66112

April, 16, 2011

memorandum of understanding

1 - The Trust of Rustam Guiv Foundation will be in full cooperation with ZCDMW in facilitating the required paper work

2 - ZCDMW will provide to the trust an accounting book to list the names & amounts of all donations and all expenses. ZCDMW will also ~~provide~~ continue to provide quarterly financial report & account summary of all donations and expenses.

3 - ZCDMW will ~~report~~ provide an accomplishment plan with milestones & deadlines, mutually agreed by the two parties. The deadlines & milestones should be reasonable and acheivable. The plan should include the organizational structure

4 - ZCDMW will be in charge of and responsible for all the required fund raising for the project.

5 - ZCDMW will provide the fallback contengency plan. ~~time~~

6 - Items 2, 3 and 5 above will be provided on or before 5/15/2011 and must be approved by the Trust.

_ on behalf of Rostam Guiv Trust D. Jahanian
R.E. mehta                                                    Soroosh

_ l l ll     ZCDMW _