IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ZOROASTRIAN CENTER AND DARB-E-MEHR OF METROPOLITAN WASHINGTON, D.C., )<br>)<br>Plaintiff/Counterclaim Defendant, )<br>-v- )<br>RUSTAM GUIV FOUNDATION, *et al.*, )<br>Defendant/Counterclaim Plaintiff. ) | <br><br>Civil Action No. 1:13-cv-980 |

## ORDER

This matter comes before the Court on the Plaintiff's motion to reconsider and the parties' cross-motions for fees and costs. The Court has reviewed all submissions. For the reasons set forth below the motion to reconsider is DENIED and the Defendants' motion for fees and costs is GRANTED IN PART.

## BACKGROUND[1]

This case began when the Plaintiff, Zoroastrian Center and Darb-E-Mehr of Metropolitan Washington, D.C. ("ZCDMW"), filed a civil complaint in the Circuit Court of Fairfax County. *See* Dkt. No. 1-1. The Defendant, Rustam Guiv Foundation ("RGF"), removed the action to this Court and filed three counterclaims against ZCDMW. *See* Dkt. Nos. 22 and 36. After being granted leave to amend its complaint, ZCDMW filed an Amended Complaint which requested relief on four grounds. *See* Dkt. No. 56. At the close of discovery the parties filed cross-motions for summary judgment. On May 12, 2014, the Court issued a memorandum opinion and

---

[1] A more complete summary of the facts underlying this dispute can be found in the Court's May 12, 2014 Memorandum Opinion. *See* Dkt. No. 80.

1

corresponding order dismissing the entirety of ZCDMW's Amended Complaint with prejudice and entering judgment in favor of RGF on two of its three counterclaims. *See* Dkt. Nos. 80, 81.

The dispute between the parties arose out of their lessor-lessee relationship. Article XIII of their lease states that "In the event of any litigation between the parties hereto, the prevailing party in such litigation shall be entitled to recover from the other party its costs, expenses and reasonable attorney's fees therein incurred." *See* Dkt. No. 1-1, Exh. C at 10-11. In its dispositive order the Court directed RGF to submit separate pleadings if it sought costs, expenses, and reasonable fees pursuant to this clause. *See* Dkt. No. 81.

In light of the Court's ruling, ZCDMW has filed a Motion for Reconsideration (Dkt. No. 87). RGF has followed the Court's ruling with a Motion for Attorney Fees and Costs (Dkt. No. 82). Both motions are opposed.

## DISCUSSION

### I. Motion to Reconsider

ZCDMW urges the Court to reconsider numerous parts of its May memorandum opinion and corresponding order. Upon careful review of its earlier decision as well as the arguments advanced in the ZCDMW's current motion, the Court finds that its original decision in favor of RGF was correct.

### II. Motion for Fees and Costs[2]

Each party claims to be entitled its costs and attorney's fees. At the core of these cross-motions is a disagreement over whether ZCDMW or RGF was the "prevailing party" as required under Article XIII of the lease. The general rule in Virginia is that the "prevailing party" is the "party whose favor the decision or verdict in the case is rendered." *See Sheets v. Castle*, 263, Va.

---

[2] Throughout this litigation the parties, and the Court, have agreed that Virginia state law governs this contract dispute.

2

407, 413-14, 559 S.E.2d 616, 620 (2002) (citing *Richmond v. County of Henrico*, 185 Va. 859, 869, 41 S.E.2d 35, 41 (1947)). The Court is to consider "the general result" of the case and determine "who has, in the view of the law, succeeded in the action." *Id.*[3]

The parties, and ZCDMW in particular, dissect each part of the litigation in an attempt to tabulate certain victories and losses. Neither the parties' lease nor Virginia law support such an approach. As the above makes clear, the Court's inquiry is limited to the simple issue of which party benefited from the general result of the case. RGF was that party. Throughout this litigation, ZCDMW has sought to enforce a contract while RGF has argued the parties' agreement has been terminated in light of ZCDMW's breach. The Court entered judgment in favor of RGF, who was clearly the prevailing party. If this were not the case, ZCDMW's request for this Court reconsider its decision would make little sense.

Having determined that RGF is the prevailing party entitled to its costs and reasonable fees under the lease, the next question is whether the compensation requested is appropriate. RGF bears the "burden of proving *prima facie* that the fees are reasonable and were necessary." *See Chawla v. BurgerBusters, Inc.*, 255 Va. 616, 623, 499 S.E.2d 829, 833 (1998). In determining whether this burden has been met, the Court considers numerous factors including: time and effort expended by the attorney, nature of services rendered, complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate. *See id.* (citing *Seyfarth, Shaw v. Lake Fairfax Seven Ltd. P'ship*, 253 Va. 93, 96, 480 S.E.2d 471, 473 (1997)).

---

[3] This standard is similar to the federal rule where the prevailing party is the one who "achieves some of the benefit sought in commencing the litigation." *See Abernathy v. Clarke*, 857 F.2d 237, 239 (4th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

As a preliminary matter, RGF has submitted no evidence about the reasonableness of certain attorney's fees. In particular, RGF has failed to meet its *prima facie* burden of proving the reasonableness of fees charged by Thomas R. Willy, Anthony L. Gosserand, Daniel T. Berger, John H. Boyles, Alexander Crump, Richard Hagerty, Kimberly Hargrove, Stayce Harris, Ashleigh Hudson, Syed Reza, Marleen Waxelbaum, and Mary Woodruff. Accordingly, all fees charged for the work of these individuals will not be recoverable.

RGF has provided more complete evidence and argument concerning the reasonableness of fees charged by Billy B. Ruhling, II, Virginia Bell Flyn, Massie Payne Cooper, and Abbie K. Green. With regards to these four Virginia-based individuals, the Court finds the time and labor expended by them was reasonable. The nature of these services was not particularly complex, but they did result in a positive outcome for their client, RGF. In the same light, the Court does not find any of the services rendered by these four individuals to be inappropriate or unnecessary. This leaves the Court to consider whether the fees charged by these four individuals are "consistent with those generally charged for similar services." *See Chawla*, 255 Va. at 623, 499 S.E.2d at 833.

RGF directs the Court's attention to the *Laffey* Matrix, which is a chart used to calculate customary fees for attorneys in the District of Columbia. While the *Laffey* Matrix is a useful starting point, it is not "a reliable indicator of the hourly rates of litigation attorneys in [Alexandria,] Virginia, a suburb of Washington, D.C." *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 245 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313 (2008)). Instead, the Court will rely on the Fourth Circuit's guidance in *Grissom*, which provided a slightly different hourly rate than the *Laffey* Matrix.

4

In 2008, the *Grissom* court determined that a reasonable hourly rate in Alexandria, Virginia should be no more than $335 for an attorney with 11-19 years of experience and $180 for an attorney with 1-3 years of experience. *See* 459 F.3d at 323. During that same time period, the *Laffey* Matrix provided hourly rates of $410 for an attorney with 11-19 years of experience and $225 for an attorney with 1-3 years of experience.[4] Currently, the *Laffey* Matrix provides hourly rates of $450 for an attorney of 11-19 years of experience, marking approximately a 10% change since 2008. The current hourly rate under the matrix for an attorney with 1-3 years of experience is $250, marking an 11% change since 2008.

Mr. Ruhling has been an attorney for fourteen years. Under *Grissom*, his appropriate fee would be $335 an hour. Applying a 10% increase to this amount, as observed in the *Laffey* Matrix, a reasonable current rate for Mr. Ruhling's services is $368.50. Having found the 147.1 hours spent on this case by Mr. Ruhling to be reasonable. Mr. Ruhling's entire fee for this litigation should thus be $54,206.35.

Ms. Flynn and Ms. Cooper each have three years of relevant experience. Under *Grissom*, their appropriate fee would be $180 per hour. Applying the approximate percentage increase from the *Laffey* Matrix, the reasonable rate for their current services is $200. Combined, the two attorneys spent 205.3 hours on this litigation. The fee for their services should therefore be $41,060.00.

Abbie Green is a paralegal. Paralegals currently have hourly rates of $145 under the *Laffey* matrix. *Grissom* did not address the reasonable rate for a paralegal, and the Court finds the $145 from the matrix to be appropriate. Ms. Green spent 30.7 hours on this litigation, bringing the total rate for her services to $4,451.50.

---

[4] *See Laffey* Matrix -- 2003-2014, http:www.justice.gov/usao/dc/divisions/Laffey_Matrix%202014.pdf.

Combining these totals, the Court finds that RGF has met its burden in showing that it is entitled to $99,717.85 in fees.[5]

The lease also grants RGF the right to recover its costs and expenses. Pursuant to this clause, RGF requests over $11,000 in costs in addition to its request for fees. Tellingly, the language of the lease states that attorney's fees must be reasonable, but does not qualify costs and expenses in a similar manner. This does not, however, excuse RGF's current failure to provide even the semblance of a specific accounting describing how such costs and expenses were incurred. For example, over half of the costs RGF requests is for "computer research." RGF provides no information regarding what this research was, why it was necessary to the case, and at what rate RGF was charged for it. The Court does not find it appropriate to grant an award for costs and expenses without a more detailed explanation as to why and how they were incurred. Therefore, RGF must submit additional documentation in order to recover these amounts.

## CONCLUSION

For the reasons stated above, and for good cause shown, it is hereby **ORDERED** that:

1. ZCDMW's Motion for Reconsideration (Dkt. No. 87) is **DENIED**;

2. RGF's Motion for Attorney's Fees and Costs (Dkt. No. 83) is **GRANTED IN PART**;

3. RGF is awarded $99,717.85 in attorney's fees; and

4. The Court will not award RGF its costs and expenses until it provides further evidence and explanation regarding the requested amounts.

July 22, 2014
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

---

[5] In its reply to ZCDMW's opposition to the motion for fees (Dkt. No. 91), RGF argues that it should be awarded additional funds due to post-judgment work needed to address some of ZCDMW's extra-judicial actions. The Court refuses to provide RGF with these fees, which have been incurred in activities external to the immediate case decided.