IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ZOROASTRIAN CENTER AND
DARB-E-MEHR OF METROPOLITAN
WASHINGTON, D.C.,

    Plaintiff,

  v.            Civil Action No. 1:13-cv-980-LO/TRJ

RUSTAM GUIV FOUNDATION, et al.,

    Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL

Defendants Rustam Guiv Foundation ("Rustam Guiv" or "RGF"), Daryoush Jahanian, as Trustee, Mehraban Sharvini, as Trustee, Soroosh Sorooshian, as Trustee, Bruce (Borzoo) Nadjmi, as Trustee and Khosro Mehrfar, as Trustee, (collectively, the "Defendants"), by counsel, move this Court to compel Plaintiff Zoroastrian Center and Darb-E-Mehr of Metropolitan Washington, D.C. ("ZCDMW") to attend a post-judgment deposition and to produce relevant, requested documents. As set forth in detail below, ZCDMW has failed to attend depositions noticed in Defendants' Post-Judgment Notice of Deposition and Defendants' Amended Post-Judgment Notice of Deposition and to produce documents requested therein. Defendants respectfully request that the Court order Zoroastrian Center and Darb-E-Mehr of Metropolitan Washington, D.C. to attend a post-judgment deposition and produce the requested documents. In support thereof, Rustam Guiv states the following:

1. On May 12, 2014, the District Court for the Eastern District of Virginia entered an order granting Defendants' Motion for Summary Judgment in part and denying ZCDMW's

Motion for Summary Judgment in its entirety.  A copy of this Order is attached hereto as **Exhibit A**.

2. On July 22, 2014, the Court granted Defendants' Motion for Attorney Fees and Costs in part.  Through this Order, Defendants were granted $99,717.85 in attorney's fees.  A copy of this Order is attached hereto as **Exhibit B**.  ZCDMW subsequently sought a Motion to Stay Enforcement of said judgment, which this Court denied.

3. Rule 69 of the Federal Rules of Civil Procedure states "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69 (emphasis added). Rule 69 allows for a party to engage in discovery permitted by the Federal Rules of Civil Procedure or as permitted under the local state court rules in aid of collecting on a judgment. *Id.* Federal Rule of Civil Procedure 30 allows for depositions by oral examination.  Fed. R. Civ. P. 30; s*ee also Gibbons v. Smith*, 2010 U.S. Dist. LEXIS 13938, *6 (S.D.N.Y. 2010) ("Respondent has wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings, and both interrogatories and depositions are proper tools under the Rules.").

4. In accordance with Rule 69, Defendants sought to take a deposition by oral examination as permitted by the Federal Rules. On October 17, 2014, Defendants, by counsel, sent ZCDMW a Post-Judgment Notice of Deposition pursuant to Federal Rules of Civil Procedure 69 and 30(b)(6).  That deposition was scheduled to commence on October 28, 2014, at 10:00 a.m.  A copy of the Notice of Post-Judgment Deposition is attached hereto as **Exhibit C**.

5.      On October 23, 2014, ZCDMW filed a Motion to Quash Post-Judgment Notice of Deposition. Defendants responded to that Motion, which was ultimately denied because ZCDMW never noticed it for hearing.

6.      Upon receiving ZCDMW's Motion to Quash Post-Judgment Notice of Deposition, Defendants, by counsel, attempted to discuss rescheduling the deposition with counsel for ZCDMW regarding the notice of deposition. A copy of this correspondence is attached hereto as **Exhibit D**.

7.      ZCDMW refused to provide any available dates to reschedule the deposition. Accordingly, Defendants sent ZCDMW a second Post-Judgment Notice of Deposition pursuant to Federal Rules of Civil Procedure 69 and 30(b)(6) on November 13, 2014. The deposition was scheduled to commence on November 26, 2014, at 10:00 a.m. A copy of the Notice of Post-Judgment Deposition is attached hereto as **Exhibit E**.

8.      On November 19, 2014, counsel for ZCDMW sent counsel for Rustam Guiv a letter objecting to the Post-Judgment Notice of Deposition. A copy of this communication is attached hereto as **Exhibit F**.

9.      On November 24, 2014, counsel for Rustam Guiv responded articulating the same points it makes in this Opposition and urging ZCDMW to appear for the deposition on November 26, 2014. A copy of this communication is attached hereto as **Exhibit G**.

10.     On November 25, 2014, ZCDMW filed another Motion to Quash Post-Judgment Notice of Deposition.

11.     ZCDMW failed to attend the deposition on October 28, 2014. A copy of the transcript of the deposition is attached hereto as **Exhibit H**.

Active 24118630v1 244033.000001

12. Despite Defendants' good faith effort to take a post-judgment deposition, ZCDMW has failed to attend either scheduled deposition. ZCDMW's complete failure to attend the post-judgment deposition and to produce the requested documents has left Rustam Guiv with no choice but to file this Motion to Compel.

13. Rule 37 of the Federal Rules of Civil Procedure obliges the Court to require the party whose conduct necessitated a motion compelling discovery to pay the reasonable expenses that the movant incurred in making the motion, including attorney's fees, if the Court grants the motion or if the non-movant produces the requested discovery after the motion's filing. Fed. R. Civ. P. 37(a)(5)(A); *Kinetic Concepts, Inc. v. Convatec, Inc.*, 268 F.R.D. 226, 243-44 (M.D.N.C. 2010) (stating that "the great operative principle of Rule 37 is that the loser pays") (quotation marks omitted); *Tuszkiewicz v. Allen-Bradley Co.*, 172 F.R.D. 396, 398 (E.D. Wis. 1997) (awarding payment of reasonable expenses, including attorneys' fees, to plaintiff who had to bring a motion to compel to obtain the completion of certain deposition testimony). The award of expenses is mandatory unless the movant failed to confer in good faith with opposing counsel or the losing party has made a showing that its conduct was substantially justified. *See Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1244 (10th Cir. 2006) (finding that documents found in Defendants' dumpster should have been produced in response to Plaintiffs' requests for production and that the district court did not abuse its discretion in imposing costs and expenses on Defendants under Rule 37). Local Civil Rule 37(H) incorporates and adopts a similar rule. As set forth in the accompanying certificate, Defendants, through counsel, have made the requisite good faith effort to confer telephonically and in writing with Plaintiff.

WHEREFORE, Defendants respectfully request that the Court enter an order requiring Zoroastrian Center and Darb-E-Mehr of Metropolitan Washington, D.C. to attend a post-

judgment deposition and produce the requested documents and to provide such other and further relief as this Court find just.

        **RUSTAM GUIV FOUNDATION, DR. DARYOUSH JAHANIAN, MD., AS TRUSTEE, SOROOSH SOROOSHIAN, AS TRUSTEE, BRUCE (BORZOO) NADJMI, AS TRUSTEE, MEHRABAN SHAHRVINI, AS TRUSTEE, AND KHOSRO E. MEHRFAR, AS TRUSTEE**

        /s/ Massie Payne Cooper
        Billy B. Ruhling, II (VSB No. 45822)
        TROUTMAN SANDERS LLP
        1850 Towers Crescent Plaza, Ste. 500
        Tysons Corner, Virginia 22182
        Telephone:   (703) 734-4325
        Facsimile:   (703) 734-6529
        bill.ruhling@troutmansanders.com

        Virginia Bell Flynn (VSB No. 79596)
        Massie Payne Cooper (VSB No. 82510)
        TROUTMAN SANDERS LLP
        1001 Haxall Point
        Richmond, Virginia 23219
        Telephone:   (804) 697-1480
        Facsimile:   (804) 698-5109
        virginia.flynn@troutmansanders.com
        massie.cooper@troutmansanders.com
        *Counsel for Defendants*

Active 24118630v1 244033.000001

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of December, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

>Robert L. Vaughn, Jr., Esquire
>O'Connor & Vaughn LLC
>11490 Commerce Park Drive, Suite 510
>Reston, Virginia 20191
>rvaughn@oconnorandvaughn.com
>
>*Counsel for Plaintiff*

>/s/ Massie Payne Cooper
>Massie Payne Cooper (VSB No. 82510)
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia 23219
>Telephone:   (804) 697-1392
>Facsimile:   (804) 697-1339
>Massie.cooper@troutmansanders.com
>
>*Counsel for Defendants*