UNITED STATES DISTRICT COURT
Eastern DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Zoroastrian Center and Darb-E-Mehr of
Metropolitan Washington, D.C.,

       Plaintiff,

v.                                                     Civil Action No.: 1:13-cv-980-LO/TRJ

Rustam Guiv Foundation, et al.,

       Defendant -
       Counterclaim Plaintiff.

## DECLARATION OF BILLY B. RUHLING, II

I, BILLY B. RUHLING, II, being duly sworn, do hereby depose and state as follows:

1. I am over 21 years of age and otherwise competent to make this declaration. I have personal knowledge of the statements contained herein. The statements herein are true and correct to the best of my knowledge, information, and belief.

2. I am a member of the Virginia State Bar and practice regularly before this Court. I am also a member of the state bars of Maryland and the District of Columbia and practice regularly in state and federal courts in those jurisdictions as well.

3. Since January 20, 2015, I am a Counsel in the law firm of Reed Smith LLP ("Reed Smith"). From 2011 to January, 2015, I was an associate in the law firm of Troutman Sanders LLP. I practiced as an attorney with the firm of Glassman & Michael PLLC from 2009 to 2011. From 2008 to 2009, I was a senior attorney with the firm of Cunningham & Associates, and before that practiced complex civil litigation with the law firm Patton Boggs, LLP from 2007 to 2008. Between 2000 and 2007, I served as an attorney in the United States Army. I received my J.D. from the College of William and

4. Mary School of Law in 2000. I also possess a Bachelor of Science from the United States Military Academy.

4. For 8 of the last 14 years, my law practice has focused almost exclusively on civil litigation, most of which has been in the state and federal courts of the Commonwealth of Virginia. In the course of my practice, I have appeared as counsel of record in numerous cases pending in the Circuit Courts of Fairfax, Loudoun, and Prince William Counties. The majority of these cases involved commercial litigation and business tort matters. In addition, I have served as lead counsel of record in numerous cases pending in this Court. I have also litigated numerous cases for commercial litigation clients in other Circuit Courts of the Commonwealth and in various courts of record in Maryland and the District of Columbia.

5. I was retained in 2013, while working for Troutman Sanders, by Defendants Rustam Guiv Foundation ("Rustam Guiv" or "RGF"), Daryoush Jahanian as Trustee, Mehraban Sharvini as Trustee, Soroosh Sorooshian as Trustee, Bruce (Borzoo) Nadjmi as Trustee and Khosro Mehrfar as Trustee (collectively the "Defendants") to assist them with defending against the claims made by Plaintiff Zoroastrian Center and Darb-E-Mehr of Metropolitan Washington, D.C. ("ZCDMW") and in enforcing the Defendants' rights under the lease executed by Rustam Guiv with ZCDMW.

6. ZCDMW originally filed suit in Fairfax County Circuit Court. After significant discovery and pleadings, this Court entered Summary Judgment in favor of Defendants on the Complaint and with respect to some of the claims in the Counterclaim. Subsequently, the Court awarded Defendants attorney's fees in the amount of $99,717.85 (Dkt. 93). Since the entry of that judgment, Defendants have attempted to recover the

monies owed by ZCDMW. In furtherance of that effort, Defendants noticed a deposition pursuant to Fed. R. Civ. P. 69. ZCDMW filed a Motion to Quash that deposition notice, which Motion Defendants opposed. Defendants subsequently served a second Notice of Deposition. On the eve of the deposition, ZCDMW moved to quash that notice. Defendants, proceeded with the deposition and filed an Opposition to Plaintiff's Motion. When ZCDMW failed to appear at the deposition, Defendants filed a Motion to Compel ZCDMW's appearance.

7. On January 16, 2015, the Court granted Defendants' Motion to Compel, directing Plaintiff to appear for deposition not later than February 15, 2015. The Court gave Defendants 7 days leave to file the instant fee affidavit.

8. Attached as **Exhibit A** to this Declaration are billing documents reflecting the monetary amounts of all billing entries incurred in connection with Defendants' attempt to procure ZCDMW's deposition. The only amount not reflected in the billing documents attached, are 1.5 hours that I billed in connection with my travel to/from, and attendance at the hearing on the subject Motion to Compel. That amount has been included in the calculations appearing below. The Defendants and their counsel expressly do not waive any attorney-client privilege or work product protections that may attach to such invoices and the entries therein.

9. I am, and have been throughout, the lead litigation counsel on this matter, and my average rate for tasks associated with obtaining the deposition was $472.82 per hour. I have been continuously and actively engaged in the practice of law since my admission to the bar of the Commonwealth of Virginia in October 2000. One associate, Massie Payne Cooper, assisted me in this matter. Ms. Cooper's average hourly rate for the relevant

work performed was $366.72. A copy of Troutman Sanders LLP's website biography for Ms. Cooper is attached hereto as **Exhibit B**. In order to minimize costs, Ms. Cooper and I were assisted by a paralegal, Abbie Green, whose average billable rate for this matter was $190. In addition to the time of incurred for professional services, Defendants paid $175 for the transcript of the deposition that ZCDMW refused to attend.

10. The Defendants incurred attorney's fees in the amount of $10,029.50, including costs, directly related to their efforts to procure ZCDMW's deposition pursuant to Fed. R. Civ. P. 69.

11. Based upon my more than 14 years in the practice of law, it is my reasonable belief that the services provided by Defendants' counsel were made necessary by the position taken by ZCDMW and its counsel. Specifically, ZCDMW filed two Motions to Quash deposition notices, and failed to appear for deposition despite not having received the benefit of a protective order. Further, because of the novel legal theory posited by ZCDMW in its Motion, Defendants were obligated to perform legal research both to disprove the Plaintiffs' legal theory and to demonstrate the propriety of their own reading of Fed. R. Civ. P. 69(b).

12. In the course of my practice, I have become familiar with the prevailing hourly rates charged by comparable law firms for commercial litigation in the Northern Virginia area. The rates charged to Defendants for attorney and paralegal time in connection with this matter are commensurate or even below that of other Northern Virginia law firms for similar litigation related representation as revealed by the oft-used *Laffey* matrix, available at http://www.justice.gov/usao/dc/divisions/Laffey_Matrix_2003-2013.pdf. Moreover, they are also consistent with the prevailing hourly rate comparison compiled

by prominent Northern Virginia practitioner Craig C. Reilly, Esq., which compilation has been endorsed by this Court in other cases. *See Taylor v. Republic Servs.*, 2014 U.S. Dist. LEXIS 11086, at *15 (E.D. Va. Jan. 29, 2014). According to Mr. Reilly's compilation, the following prevailing rates applied in Northern Virginia:

| Paralegal | Attorney with 1-3 years | Attorney with 4-7 years | Attorney with 8-10 years | Attorney with 11-19 years | Attorney with 20+ years |
|---|---|---|---|---|---|
| $130-150 | $250-435 | $350-600 | $465-640 | $520-770 | $505-820 |

13. In my opinion, as a commercial litigation practitioner, an award of $9,854.50 plus $175 in costs against ZCDMW is reasonable. Further, Defendants request that ZCDMW be required to pay for the deposition ordered by the Court.

Executed on January 23, 2015
District of Columbia: SS

Billy B. Ruhling, II, Esq. (VSB No. 45822)

Subscribed and Sworn to before me this 23d day of January, 2015.

Katrina Reid

Notary Public, D.C.
My Commission Expires: September 30, 2018