IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ZOROASTRIAN CENTER AND ) <br> DARB-E-MEHR OF METROPOLITAN ) <br> WASHINGTON, D.C., ) <br> ) <br>    Plaintiff/Counterclaim Defendant ) <br> ) <br> v. ) <br> ) <br> RUSTAM GUIV FOUNDATION, et al. ) <br> ) <br>    Defendants/Counterclaim Plaintiffs ) | Civil Action No. 1:13-cv-980 (LO/TRJ) |

## MEMORANDUM IN OPPOSITION TO DELCARATION FOR ATTORNEY'S FEES

Comes Now the Plaintiff/Counterclaim Defendant, Zoroastrian Center and Darb-E-Mehr of Metropolitan Washington, D.C. ("ZCDMW"), by counsel, and for its opposition to the Declaration filed on behalf of the Defendants/Counter Plaintiffs, Rustam Guiv Foundation, et al. (collectively "RGF") for attorney's fees related to its alleged post-judgment collection efforts, submits the following Memorandum.

By Order of July 22, 2014, this Court awarded attorney's fees and costs in the underlying dispute to RGF in the amount of $99,717.85. This sum represented only a fraction of the $140,122.50 in fees and $11,278.75 in costs that RGF claimed. RGF continues its overreaching efforts, inclusive of its attempts to shift its law firm's overhead to ZCDMW, in its current claim of almost $10,000 in fees and costs related to the relatively simple task of noticing a deposition

---

Robert L. Vaughn, Jr., VSB 20633
*Attorney for Plaintiff*
O'CONNOR & VAUGHN LLC
11490 Commerce Park Drive, Suite 510
Reston, Virginia  20191
703-689-2100
703-471-6396 (facsimile)
rvaughn@oconnorand.com

of ZCDMW and responding to ZCDMW's two page Motion to Quash.

First, it must be noted that RGF is claiming fees and costs unrelated to the matter at hand. The matter at issue is the deposition that was noticed for November 26, 2104, which notice, entitled Amended Post-Judgment Notice of Deposition, was prepared on November 13, 2104. Notwithstanding the foregoing, RGF has submitted a claim for $3,364 in attorney's fees and $1,101,28 for "Computer Research" for a time period beginning October 23, 2014 and ending November 10, 2014. Those entries related to a prior Notice of Deposition to which ZCDMW filed a Motion to Quash and to which RGF also filed its Opposition, inclusive of a request that ZCDMW be compelled to attend such a deposition. On November 10, 2014, this Court entered an Order denying both motions, without prejudice. Dkt No. 121.

The total amount claimed for the November 26th deposition is $4,025 in attorney's fees and $1,091.31 in "Computer Research" and some undefined and/or explained "Professional Services." With regard to the latter, the authorities referenced by RGF in its Opposition to ZCDMW's Motion to Quash consist of Fed. R. Civ. P. 69 itself, the 2010 decision of this Court in *Gibbons v. Smith* and 2013 decision in the Western District of *Va. Brands, LLC v. Kingston Tobacco Co.,* both of which generally reference the scope of Rule 69, the 1998 U. S. Supreme Court case on statutory construction, *Regions Hosp. v. Shalala*, 522 U.S. 448, 467, 118 S. Ct. 909, 910 (1998), and Fed. R. Civ. P. 5. There is nothing unique about the case authorities, and certainly nothing that would require over $1,000 in computer research and "Professional Services" to divine. It is submitted that this effort by RGF represents nothing more than an attempt to shift some form of its counsel's overhead costs to ZCDMW.

It is further submitted that expending 6.8 hours to draft a rather simple, 4 ½ page opposition to ZCDMW's Motion to Quash is, on its face, excessive. Moreover, the subject

Opposition is quite similar to the one filed with regard to the initial Motion to Quash, which was denied by this Court in its November 10th Order.  Accordingly, there was really little, if anything, that RGF needed to do in order to file the current Opposition.

Despite the fact that RGF requested the exact same relief in its Opposition to ZCDMW's Motion to Quash—that ZCDMW be required to appear for a post-judgment deposition, RGF filed a separate Motion to Compel requesting the same relief, and for which counsel billed an additional 4.7 hours.  In addition to being wholly unnecessary, the Motion to Compel was essentially nothing more than a reiteration RGF's position as to the procedural history in the matter.  It raised no new or novel issues, nor any authorities that were not already referenced in its Opposition, or of the most routine nature.

## CONCLUSION

For the foregoing reasons, ZCDMW submits that RGF's claim for attorney's fees should be denied.

**Zoroastrian Center and Darb-E-Mehr of Metropolitan Washington, D.C.**
*By Counsel*

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile
Email: rvaughn@oconnorandvaughn.com

By ___/s/ Robert L. Vaughn, Jr._____
    Robert L. Vaughn, Jr., VSB No. 20633
    *Counsel for Counter Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2015, I electronically filed the foregoing Motion with the Clerk of this Court using the CM/ECF System, which will send notification of such filing to counsel of record:

Billy B. Ruhling, II (VSB No. 45822)
Reed Smith LLP
1301 "K" Street N.W./1100 E Tower
Washington D.C.  20005-3371
Telephone:     (202) 414-9200
Facsimile:     (202) 414-9299
Email: bruhling@reedsmith.com

       /s/ Robert L. Vaughn, Jr.
Robert L. Vaughn, Jr.
O'Connor & Vaughn LLC
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
703) 689-2100 Telephone
(703) 471-6496 Facsimile
Email: rvaughn@connorandvaughn.com
*Counsel for Plaintiff*