IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ZOROASTRIAN CENTER AND DARB-E-MEHR OF METROPOLITAN WASHINGTON, D.C., <br><br> Plaintiff, <br><br> -v- <br><br> RUSTAM GUIV FOUNDATION, ET AL., <br> Defendants. | Civil Action No. 1-13-cv-980 |

### Memorandum Opinion

This matter comes before the Court on remand from the Fourth Circuit Court of Appeals, Dkt. No. 140. The Fourth Circuit remanded the case only with respect to the calculation of attorneys' fees. For the reasons discussed below, the Court ORDERS Defendants to submit an appropriate downward adjustment of attorneys' fees, and supporting evidence as appropriate, within twenty-one (21) days of the issuance of this Order. Plaintiff shall have fourteen (14) days to respond to Defendants' filing if it so chooses.

### I. Background[1]

This dispute arose out of a failed effort to construct a Zoroastrian worship center in Fairfax, Virginia. Plaintiff, Zoroastrian Center and Darb-E-Mehr of Metroplitan Washington D.C. entered into a ninety-nine year lease with Defendants Rustam Guiv Foundation of New York, the land owner, and other trustee defendants. Following difficulties in the relationship, Defendants terminated the lease. Article XIII of the parties' lease states that "[i]n the event of any litigation between the parties hereto, the prevailing party in such litigation shall be entitled to

---

[1] This Background section focuses on facts relevant to the present Motion. A more fulsome recitation of the extensive factual record can be found in the Court's May 12, 2014 Memorandum Opinion. *See* Dkt. No. 80.

recover from the other party its costs, expenses and reasonable attorney's fees therein incurred." *See* Dkt. No. 1-1, Exh. C at 10-11. Plaintiff sued in Virginia state court for a declaratory judgment with respect to their rights under the lease. Defendants removed the case to federal court and filed three counterclaims against Plaintiff.

The Court granted Defendants' Motion for Summary Judgment on two of the three counterclaims on May 12, 2014. Dkt. No. 81. One of the counterclaims, for slander of title, was dismissed with prejudice. *Id.* The Court subsequently ruled that Defendants were the "prevailing parties" in the dispute and granted in part Defendants' Motion for Attorney's Fees on July 22, 2014 awarding $99,717.85 in fees and no additional costs or expenses. Dkt. No. 93. Plaintiff timely appealed to the Fourth Circuit on August 19, 2015, with respect to the jurisdiction of this Court to hear the case, the merits of the decision, and the award of fees. Dkt. No. 136. The Fourth Circuit issued its judgment on May 4, 2016 affirming the decision of the Court with respect to the jurisdictional and merits findings, but reversing and vacating the Court's attorney's fees for failure to disambiguate fees awarded for successful claims from those of Defendants' counterclaims upon which they were not successful. *See* Dkt. Nos. 139, 140. The Court promptly ordered a new hearing on the issue of attorney's fees for June 24, 2016 at which time the Court took under advisement the parties' arguments and requested further briefing on the right to attorney's fees incurred on appeal. Dkt. No. 152. The parties have filed the requested supplemental briefing.

## II. Legal Standard

As the Fourth Circuit observed, "Virginia supplies the substantive law here since the district court was sitting in diversity." Dkt. No. 140, at 13 (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004)). Pursuant to Virginia law, "parties are free to

2

draft and adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute." *Ulloa v. QSP, Inc.*, 271 Va. 72, 81 (2006). If, as in this case, the contract provides for an award of fees to the prevailing party, that party bears "the burden of establishing, as an element of its prima facie case, that the attorneys' fees it seeks are reasonable in relation to the results obtained and were necessary." *Chawla v. BurgerBusters, Inc.*, 255 Va. 616, 624 (1998). "[U]nder contractual [fee-shifting] provisions a party is not entitled to recover fees for work performed on unsuccessful claims." *Ulloa*, 271 Va. at 82.

**III. Discussion**

The parties dispute whether Defendants have set forth a prima facie case for attorneys' fees which deducts the amount of labor devoted to the slander of title claim. The Court finds that Defendants' deductions, and the methodology upon which they are based, are inadequate and inappropriate to the case at bar.

In an attempt to comply with the decision of the Court of Appeals, Defendants request that the Court reduce the original attorney's fees award of $99,717.85 to $95,763.49. Defendants achieve this downward adjustment by subtracting a percentage of fees for each unsuccessful claim based on the number of pages in the parties' written submissions that dealt with the issues upon which the opposing party prevailed. Defendants aver that of the 1428 pages of pleadings, only 24 pages concerned the unsuccessful claim for slander of title. By this calculation, the briefing pages devoted to the slander of title claim amount to only 1.68% of the Defendants' briefing. Rounding to the nearest whole number, Defendants argue that the award "should not be less than 98% of the Court's prior award, or $95,763.49."[2] This method for calculating

[2] Ninety-eight percent of $99,717.85 is actually $97,723.49. The Court was unable to reproduce the mathematical steps taken by the Defendants to reach their figure but, as discussed below, the underlying methodology is problematic so the computational inaccuracies are moot.

attorneys' fees was adopted by a court in this district in *JTH Tax Inc. v. H&R Block Eastern Tax Services, Inc.*, 245 F. Supp. 2d 756 (2002).

Plaintiff rejects the use of the page number calculation for attorneys' fees. First, Plaintiff rejects the approach as a matter of law, because the attorneys' fees calculation in this case is governed by Virginia law which "steadfastly reject[s]" the Federal Court's approach to awards of attorneys' fees on federal claims. *Ulloa*, 271 Va. at 82. *JTH Tax* and the case upon which it is based, both concerned attorneys' fees for federal claims adjudicated pursuant to federal attorney fee rules which permit recovery for fees for unsuccessful claims where the entire case involves a common core of fact or related legal theories. *See JTH Tax Inc.*, 245 F. Supp. at 757; *see also Sands, Taylor & Wood Co. v. Quaker Oats Co.*, No. 84 C 8075, 1993 WL 204092, at *1 (N.D. Ill. June 8, 1993), *aff'd in part, rev'd in part sub nom. Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340 (7th Cir. 1994), *on reh'g in part*, 44 F.3d 579 (7th Cir. 1995). Thus, the court in *JTH Tax* did not analyze the page count calculation as prima facie evidence of the reasonableness of the fees request. *See id.* Rather, the court used its equitable discretion to reduce the attorneys' fees as a percentage of the page count devoted to the successful claims. *See id.* The Virginia standard is not one of equitable discretion but rather a prima facie evidentiary burden on the moving party.

Plaintiff also objects to the page number calculation, as a matter of fact, because it does not accurately reflect the labor assignable to each portion of a legal brief. First, Plaintiff improperly includes pages of attachments and exhibits, in addition to legal arguments, when calculating the percentage of the *briefing* associated with each argument. Plaintiff calculates that 47 pages of Defendant's 103 page Memorandum in Support of their Motion for Summary Judgment consisted of attachments or exhibits; 75 pages of its 105 page Opposition to Plaintiff's

4

Motion for Summary Judgment consisted of attachments or exhibits. Furthermore, Defendants may well have researched issues extensively but not featured those issues prominently in the briefing. Plaintiff contends that "there simply is no correlation between the number of pages of a filing and the attorneys' fees devoted to the exercise. A very lengthy pleading may well require very little attorney effort, while a very short pleading could require significant effort." Dkt. No. 154 at 4.

The Court agrees with the Plaintiff that the page number calculation is an inappropriate method for apportioning attorneys' fees in this case as a standard of law and as a matter of fact. Virginia's standard for awarding attorneys' fees is materially different from the federal standard applied in *JTH Tax*. Virginia law imposes the burden on the moving party to establish that fees are reasonable and necessary, whereas the court in *JTH Tax* employed the page calculation method as part of its equitable power to reduce a fee award. *See Chawla*, 255 Va. at 624; *JTH Tax Inc.*, 245 F. Supp. at 757. No court applying the Virginia rule has employed the methodology in *JTH Tax* and the Court will not adopt it in this case.

An account of the page numbers devoted to the unsuccessful claim as a percentage of all of the documents submitted is, as a matter of fact, a poor approximation for the actual amount of labor exerted on each subject. Defendants assume that all attachments and exhibits should count as pages devoted to successful claims but they have provided no evidence to overcome the reasonable assumption that the supporting documents may be of greater importance to the unsuccessful as opposed to the successful claims. Thus it is inappropriate to automatically discount those pages from the unsuccessful claims. Even if the Court could determine which of these pages should count towards the unsuccessful claims, the amount of time or resources

devoted to assembling those materials per page is unlikely to be equivalent to the amount of time-per-page devoted to legal briefing.

Even if the attachments and exhibits are excluded, the final page count in the briefing alone will still not render an accurate picture of the labor. The briefing was a distillation of all of the research which went into this matter. As with any distillation process, certain parts contributed to the process "boil off" at different points so that the final product is composed more of some parts and less of others notwithstanding how much of each was included at the start of the process. In short, one cannot affix with certainty the ratio of original contributions by looking at the end product. Applied to the present Motion, final page counts are an abstract and opaque reflection on the effort and time devoted to the briefing. It is this effort and time which the Court is required to consider in determining whether legal fees are reasonable, without which the Court cannot issue an award of fees. *See Seyfarth, Shaw v. Lake Fairfax Seven Ltd. Prtnrshp.*, 253 Va. 93, 96 (1997) ("the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances...").

The Court is further disinclined to adopt the reasoning in *JTH Tax* because Defendants could prove their entitlement to a portion of the fees through other, well-established means including time reports and expert testimony as to reasonableness. *See, e.g., Gaymon v. Gaymon*, 63 Va. Cir. 264 (2003) ("Part and parcel of that duty is requiring bills that are sufficiently comprehensible that the charges may be understood. And fulfilling that burden also generally requires an expert witness to testify to the reasonableness of the bills."). Even if Defendants cannot provide expert testimony, they might still prove the extent of their fees associated with the successful claims by reference to other evidence. *See Wilson v. Remax Gateway, L.L.C.*, 60

Va. Cir. 248 (2002) (citing numerous examples of other evidence which can be used to establish fees "[i]n those cases where no expert testimony as to the reasonableness of attorney's fees is presented").

Because the moving party bears the burden of establishing the time devoted to successful claims, the analysis on this point ends because Defendants have not offered an acceptable metric. Plaintiff argues that, as a result, the entire fee award should be denied. This is too harsh of a remedy and the Court has discretion to craft an alternative arrangement. *See Graves v. Graves*, 4 Va. App. 326, 333, 357 (1987) ("An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."). Instead, the Court gives the Defendants twenty-one (21) days to submit an alternative method for identifying the amount of time devoted to successful claims and supporting exhibits as appropriate. The Court apologizes to the parties and counsel for not considering this issue in a more timely fashion.

### IV. Conclusion

For the reasons discussed above, the Court ORDERS Defendants to submit an alternative method for identifying the amount of time devoted to successful claims, and supporting exhibits as appropriate, within twenty-one (21) days of the issuance of this Order. Plaintiff shall have fourteen (14) days to respond to Defendants' filing if it so chooses.

January 4, 2017
Alexandria, VA

/s/
Liam O'Grady
United States District Judge