**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ZOROASTRIAN CENTER AND DARB-E-MEHR OF METROPOLITAN WASHINGTON, D.C., *Plaintiff*, -v- RUSTAM GUIV FOUNDATION, ET AL., *Defendants*. | Civil Action No. 1:13-cv-980 |

**MEMORANDUM OPINION**

This matter comes before the Court on remand from the Fourth Circuit Court of Appeals, Dkt. No. 140, and on Defendants' Motion for Attorney's Fees and Costs on Appeal. Dkt. No. 143. The Court reviews this matter after receiving supplemental briefing from Defendants. Dkt. No. 157. The Fourth Circuit remanded the case only with respect to the calculation of attorney's fees. For the reasons discussed below, the Court hereby ORDERS that Defendants' Motions are GRANTED IN PART and DENIED IN PART. Defendants are entitled to $89,641.69 in fees incurred in the district court proceeding and $57,237.00 in fees incurred on appeal less a credit of $99,717.85 that Plaintiff previously tendered to satisfy the original fee award. Defendants' Motion for Costs on Appeal is DISMISSED WITHOUT PREJUDICE and any motions for costs which are not time-barred as discussed below may be refiled with the clerk of the appropriate court.

**I. Background**

This demand for attorney's fees arises out of litigation over a failed effort to construct a Zoroastrian worship center in Fairfax, Virginia. Plaintiff, Zoroastrian Center and Darb-E-Mehr

of Metroplitan Washington D.C. entered into a ninety-nine year lease with Defendants Rustam Guiv Foundation of New York, the land owner, and other trustee defendants. Following difficulties in the relationship, Defendants terminated the lease.[1] Article XIII of the parties' lease states that "In the event of any litigation between the parties hereto, the prevailing party in such litigation shall be entitled to recover from the other party its costs, expenses and reasonable attorney's fees therein incurred." *See* Dkt. No. 1-1, Exh. C at 10-11. Plaintiff sued in Virginia state court for a declaratory judgment with respect to its rights under the lease. Defendants removed the case to federal court and filed three counterclaims against Plaintiff.

The Court granted Defendants' Motion for Summary Judgment and on two of the three counterclaims on May 12, 2014. Dkt. No. 81. One of the counterclaims, for slander of title, was dismissed with prejudice. *Id.* The Court subsequently ruled that Defendants were the "prevailing party" in the dispute and on July 22, 2014 granted in part Defendants' Motion for Attorney's Fees awarding $99,717.85 in fees and no additional costs or expenses. Dkt. No. 93. Plaintiff timely appealed to the Fourth Circuit on August 19, 2015 with respect to the jurisdiction of this Court to hear the case, the merits of the decision, and the award of fees. Dkt. No. 136. The Fourth Circuit issued its judgment on May 4, 2016 affirming the decision of the Court with respect to the jurisdictional and merits findings, but reversing and vacating the Court's award of attorney's fees for failure to disambiguate fees awarded for successful claims from those of Defendants' counterclaims upon which they were not successful. *See* Dkt. Nos. 139, 140. The Court ordered a new hearing on the issue of attorney's fees for June 24, 2016 at which time the Court took under advisement the parties' arguments and requested further briefing on the right to attorney's fees incurred on appeal. Dkt. No. 152. The parties supplied additional briefing on the

[1] The Court's May 12, 2014 Memorandum Opinion contains a more detailed recitation of the facts underlying the dispute. *See* Dkt. No. 80.

fee issues and declined oral argument. The Court entered an order denying Defendants' Motion in so far as the methodology used to calculate fees was inappropriate and instructed the Defendants to provide an alternative method for calculating appropriate fees. Dkt. No. 156. Defendants submitted an additional memorandum and supporting exhibits on January 25, 2017. Dkt. No. 157.

## II. Legal Standard

As the Fourth Circuit observed, "Virginia supplies the substantive law here since the district court was sitting in diversity." Dkt. No. 140, at 13 (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004)). Pursuant to Virginia law, "parties are free to draft and adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute." *Ulloa v. QSP, Inc.*, 271 Va. 72, 81 (2006). If, as in this case, the contract provides for an award of fees to the prevailing party, that party bears "the burden of establishing, as an element of its prima facie case, that the attorneys' fees it seeks are reasonable in relation to the results obtained and were necessary." *Chawla v. BurgerBusters, Inc.*, 255 Va. 616, 624 (1998). "[U]nder contractual [fee-shifting] provisions a party is not entitled to recover fees for work performed on unsuccessful claims." *Ulloa*, 271 Va. at 82.

## III. Discussion

The parties dispute whether Defendants have set forth a prima facie case for attorney's fees which deducts the amount of labor devoted to the slander of title claim. The parties also dispute whether and to what extent Defendants are entitled to attorney's fees incurred on appeal.

### A. Attorney's Fees for District Court Proceedings

After the Court rejected Defendants' first attempt to apportion fees to their successful claims and discount labor attributable to their unsuccessful slander of title claim, Defendants

submitted supplemental briefing in support of the apportionment of fees. Dkt. No. 157. Defendants now contend that they are entitled to no less than $90,602.39 in attorney's fees for work expended prior to the appeal.

Defendants reach this amount through a two-step process. First, Defendants have highlighted all of the billing records they believe are relevant to the slander of title issue for each of the four timekeepers previously considered by the Court in its original fee determination. Those billing records total 14.1 hours and, relying on the hourly rates the Court utilized in its initial award, Defendants reduced the amount of district court fees to $96,242.00.[2] Second, in direct response to the Court's earlier ruling that the "page count method" of apportioning fees utilized in *JTH Tax Inc. v. H&R Block Eastern Tax Services, Inc.*, 245 F. Supp. 2d 756 (E.D. Va. 2002) was an inappropriate mechanism for apportioning fees in this case, Defendants exercised their billing judgment to further reduce each timekeeper's fees "by the same percentage as the identified time relates to the original award amount." Stated another way, Defendants divided the total hours worked by the hours not devoted to the slander of title claim (the "billing judgment adjustment percentage") and then divided the "other hours" by that percentage as reflected in the following table reproduced from Defendants' supplemental brief:

| Time Keeper | Total Hours Worked | Hours Attributed to Slander of Title | Other Hours | Allowed Billing Rate | Billing Judgment Adjustment Percentage | Adjusted Amount |
|---|---|---|---|---|---|---|
| Abbie Green | 30.7 | 3.7 | 27 | $145.00 | 12% | $3,445.20 |
| Virginia Flynn | 58.9 | 5.3 | 53.6 | $200.00 | 9% | $9755.20 |
| Massie Cooper | 146.4 | 0 | 146.4 | $200.00 | 9% | $26,644.80 |
| Billy B. Ruhling, II | 147.1 | 5.1 | 142 | $368.50 | 3% | $50,757.19 |
| **TOTALS** | **383.1** | **14.1** | **369** | | | **$90,602.39** |

[2] The fees awarded for work by Ms. Flynn were reduced by $1,060, for Ms. Green by $536.50, and for Mr. Ruhling by $1,879.35. The Court denied Defendants' request for Ms. Waxelbaum's fees in its earlier opinion so Defendants excluded her fees from the calculation.

Dkt. No. 157 at 5.

Defendants' supplemental brief better delineates the unsuccessful slander of title claim from the successful claims. Accordingly, the Court adopts the methodology that Defendants employed. Nevertheless, the figures cited in Defendants' table do not precisely match the hours highlighted in Defendants' billing records. *See* Dkt. No. 157, Exhs. 3, 5. In addition, the billing records include instances of block billing which obscure the amount of time devoted to the unsuccessful claim.[3] Further reduction is necessary to account for the block billing. The memorandum explores each of the timekeepers and sets forth the instances in which amounts were block billed before providing a final table with the amended amounts.

*1. Abbie Green*

Defendants submit that Abbie Green contributed 30.7 hours to the district court proceedings and that 3.7 of those hours were devoted to the slander of title issue. Defendants further reduced the total award by a 12% billing judgment adjustment percentage. Ms. Green's hourly rate was $200 but her allowed rate for this litigation was $145.

The following table, reproduced from Defendants' billing records, sets forth Ms. Green's billing entries related, at least in part, to the slander of title claim. For descriptions containing more than one entry, the section which Defendants highlighted is in bold.

[3] Block billing is "the practice of grouping, or 'lumping,' several tasks together under a single entry, without specifying the amount of time spent on each particular task." *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006). Block billing undermines the requirement that the fee claimant "submit documentation that reflects...recordation of time spent on legal tasks that are described with reasonable particularity sufficient to permit the court to weigh the hours claimed and exclude hours that were not reasonably expended." *Id.* "[I]nadequate documentation is a proper basis for reducing a fee award because it prevents an accurate determination of the reasonableness of the time expended in a case." *Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.*, 110 F. Supp. 3d 655, 675 (E.D. Va. 2015) (internal alterations and quotations omitted).

| Date of Service | Amount Billed | Hours | Description |
|---|---|---|---|
| 11/6/2013 | $171 | 0.9 | Review Plaintiff's Opposition to Renewed Motion for Judgment on the Pleadings, Memorandum in Support of Motion to Dismiss, **Motion to Dismiss Counterclaim or in the Alternative to Dismiss Counts II and III, and Answer and Defense to Counterclaim**; calendar Hearing on 11/22/13 for Bill Ruhling. |
| 11/11/2013 | $456 | 2.4 | **Calendar deadline for Response to Motion to dismiss**; continue reviewing and finalize Reply in Support of Renewed Motion for Judgment; review Memorandum in Support of Motion to Dismiss. |
| 11/12/2013 | $266 | 1.4 | Review and cite-check Counterclaim Plaintiff's Opposition to Motion to Dismiss Counterclaim |
| 11/14/2013 | $361 | 1.9 | Review and cite-check Opposition to Motion to Dismiss Counterclaim or in the Alternative to Dismiss Counts II and III; email Bill Ruhling re same; finalize Opposition with Eastern District Court of Virgina, Alexandria Division. |

Defendants assessed only 3.7 hours of Ms. Green's time to the slander of title claim. However, their records show that besides the entries on November 12 and 14 which do add up to 3.7, Ms. Green devoted time in the preceding weeks to the slander of title claim. The billing records obscure the amount of time that Ms. Green devoted to the slander of title claim in the remaining two entries. On November 6, 2013, Ms. Green reviewed three different documents and calendared a hearing for a total of 0.9 hours of billed work. Because one of those three documents was attributable to the slander of title claim, one-third of the time is assigned to the unsuccessful claim. The calendaring activity takes an insignificant amount of time and is excluded from the billing entry. For the same reason, despite the fact that the November 11, 2013 entry is block billed, the Court does not assign any of that time to the unsuccessful claim because the highlighted calendaring activity was not a material part of the billed hours for that entry.

Factoring in the additional 0.3 hours, Ms. Green worked 30.7 hours, of which 4.0 were devoted to the unsuccessful slander of title claim. Thus her other hours were 26.7 billed at a rate

of $145 for a total of $3,871.50. Applying Defendants' billing reduction formula, this result is further reduced by a billing adjustment of 15%[4] for a final award of $3290.78.

*2. Virginia Flynn*

Next, Defendants submit that Virginia Flynn contributed 58.9 hours to the district court proceedings and that 5.3 of those hours were devoted to the slander of title issue. Defendants further reduced the total award by a 9% billing judgment adjustment percentage. Ms. Flynn's hourly rate in the entries is $285 but her allowed billing rate was $200.

The following table, reproduced from Defendants' billing records, sets forth Ms. Flynn's billing entries related, at least in part, to the slander of title claim. For descriptions containing more than one entry, the section which Defendants highlighted is in bold.

| Date of Service | Amount Billed | Hours | Description |
|---|---|---|---|
| 2/27/2014 | $630 | 2.1 | Review and analysis of the law surrounding slander of title and standard under summary judgment. |
| 2/27/2014 | $1,860 | 6.2 | Draft legal arguments for summary judgment brief, including **slander of title**, breach of contract, declaratory judgment, and injunction sections. |
| 2/28/2014 | $1,410 | 4.7 | Expand declaratory judgment section of brief to include standard under breach of contract section (2.3); revise undisputed statement of facts (2.1); **review and analysis of law regarding absolute privilege and judicial statements (1.6)**; revise memorandum in support of summary judgment for final edits and to prepare for filing (3.1) (N/C – 4.4) |

Defendants assessed 5.3 hours of Ms. Flynn's time to the slander of title claim. The 2.1 hour entry on February 27, 2014 is indisputably associated with the unsuccessful claim. Conversely, the February 28, 2014 entry can be excluded in its entirety. Defendants clearly set out how many hours they devoted to the slander of title claim in that entry (1.6) but they wrote off more than that amount in the final billing entry. Because Defendants are free to choose which work they write off, their decision to write off the unsuccessful claims is appropriate and the remainder of that billing entry is attributable solely to successful claims. The 6.2 hour entry

[4] 26.7 hours devoted to successful claims divided by 30.7 total hours worked.

on February 27, 2014 is not so clearly delineated. Defendants did not clearly indicate how many hours were devoted to the different parts of the summary judgment briefing. Nevertheless, the balance of Ms. Flynn's hours attributable to unsuccessful claims is 3.2. It is generous to assume that over half of the time drafting the summary judgment brief focused on the slander of title claim when the billing entry indicates at least four different claims that were addressed. Because Defendants are in the best position to characterize this use of time, the Court adopts Defendants' breakdown of Ms. Flynn's time.

*3. Massie Cooper*

Third, Defendants submit that Massie Cooper contributed 146.4 hours to the district court proceedings and that zero of those hours were devoted to the slander of title issue. Defendants nevertheless reduced the total award by a 9% billing judgment adjustment percentage. Because Massie Cooper did not contribute any hours to the slander of title issue, it is unclear how Defendants calculated that her bill should be subject to a 9% downward adjustment. However, because the billing adjustment was an exercise of Defendants' judgment, the Court does not disturb the fee award demand for Ms. Cooper.

*4. Bill Ruhling*

Finally, Defendants submit that Bill Ruhling, II contributed 147.1 hours to the district court proceedings and that 5.1 of those hours were devoted to the slander of title issue. Defendants further reduced the total award by a 3% billing judgment adjustment percentage. Mr. Ruhling's charged hourly rate was $495 and his allowed hourly rate was $368.50.

The following table, reproduced from Defendants' billing records, sets forth Mr. Ruhling's billing entries related, at least in part, to the slander of title claim. For descriptions

containing more than one entry, the section which concerns the slander of title claim is highlighted is in bold.

| Date of Service | Amount Billed | Hours | Description |
|---|---|---|---|
| 8/15/2013 | $148.50 | 0.3 | Review and analyze case law on punitive damages in the context of slander of title and edit counterclaim to include a claim for such relief. |
| 11/8/2013 | $148.50 | 0.3 | Prepare Opposition to Motion to Dismiss Counterclaim |
| 11/11/2013 | $1,138.50 | 2.3 | Prepare opposition to Motion to Dismiss Counterclaim (total hours 4.6 – N/C for 2.3) |
| 11/14/2013 | $198 | 0.4 | Review, edit, revise and finalize Opposition to Motion to Dismiss Counterclaim |
| 11/21/2013 | $891 | 1.8 | Prepare argument outline for Plaintiff's Motion to Dismiss Counterclaim |
| 11/22/2013 | $792 | 1.6 | Prepare for and attend hearing on Motion for Judgment on the Pleadings and **Motion to Dismiss Counterclaim.** |

Defendants assessed 5.1 hours of Mr. Ruhling's time to the slander of title claim. By my calculation, Defendants have counted all of the entries in full with the exception of the November 22, 2013 entry for 1.6 hours which has been omitted in its entirety. Despite the fact that Mr. Ruhling would have needed to attend the hearing for a separate motion notwithstanding the Motion to Dismiss the Counterclaim, he indicates that some of the time was spent in preparation for the hearing and it goes without saying that some of the time during the hearing was devoted to the unsuccessful issue. Accordingly, it is inappropriate to deduct the entirety of that entry from Mr. Ruhling's work. Because Mr. Ruhling did not distinguish how much of his preparation time for that entry was devoted to the successful claims, the Court splits the entry in half and attributes 0.8 hours to the unsuccessful claim.

Factoring in the additional 0.8 hours, Mr. Ruhling worked 147.1 hours, of which 5.9 were devoted to the unsuccessful slander of title claim. Thus his other 141.2 hours were billed at a rate of $368.50 for a total of $52,032.20. Applying Defendants' billing reduction formula, this result is further reduced by a billing adjustment of 4% for a final award of $49,950.91.

*5. Final Calculation*

The Court already determined that the hourly rates and billing entries respecting the successful claims are reasonable. Dkt. No. 93. The memorandum adopts those findings and applies the modifications discussed above to establish the following fee award for the district court proceedings:

| Time Keeper | Total Hours Worked | Hours Attributed to Slander of Title | Other Hours | Allowed Billing Rate | Billing Judgment Adjustment Percentage | Adjusted Amount |
|---|---|---|---|---|---|---|
| Abbie Green | 30.7 | 4.0 | 26.7 | $145.00 | 15% | $3,290.78 |
| Virginia Flynn | 58.9 | 5.3 | 53.6 | $200.00 | 9% | $9755.20 |
| Massie Cooper | 146.4 | 0 | 146.4 | $200.00 | 9% | $26,644.80 |
| Billy B. Ruhling, II | 147.1 | 5.9 | 141.2 | $368.50 | 4% | $49,950.91 |
| **TOTALS** | **383.1** | **15.2** | **367.9** | | | **$89,641.69** |

Based on the foregoing table, the Court awards fees of $89,641.69 for the successful claims brought in the district court.

B. Attorney's Fees for Appellate Proceedings

Defendants also moved the Court to award attorney's fees incurred during the appeal of this matter to the Fourth Circuit. Plaintiff argues that Defendants are not entitled to fees incurred on appeal for two reasons.[5] First, Defendants did not timely file a request for fees incurred on appeal with the district court as required by Rule 54 of the Federal Rule of Civil Procedure. Second, Defendants have not met their burden to establish that the requested fees are reasonable

[5] While not discussed in the briefing, it is first important to confirm that Defendants are entitled to their fees on appeal. As a matter of Virginia law, Defendants may recover for attorney's fees incurred on appeal where the contract between the parties provides generally for the repayment of the attorney's fees. *See Republic Ins. Co. v. Culbertson*, 717 F. Supp. 415, 420 (E.D. Va. 1989) ("The sweeping language in the Indemnity Agreement indicates that the defendants are liable for all attorneys' fees incurred by Republic, including appellate fees."). The contract in this case is sufficiently broad and Plaintiff has not argued that the contract limits the recovery of attorney's fees to the district court proceeding. Accordingly, the Court applies the Virginia legal standard (cited *supra* Section II) on the merits of the petition for fees on appeal. *See Chawla*, 255 Va. at 624.

in relation to the results obtained and were necessary. The memorandum addresses each of these contentions in turn.

*1. Timeliness of Fee Request*

Plaintiff argues that Defendants' Motion for Attorney's Fees on Appeal is not timely and should be denied. "[P]ursuant to [Federal Rule of Civil Procedure] Rule 54(d)(2)(B), a fee petition must be filed no later than fourteen days after entry of judgment, unless otherwise provided by statute or order of the court. *Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 258 (4th Cir. 2008) (quotations and citations omitted). The Fourth Circuit's Order of Judgment was entered on the docket on May 4, 2016. Dkt. No. 140. Defendants' Motion was not filed until June 10, 2016, 37 days after the issuance of the Order.

Defendants raise a number of defenses to the timeliness of the Motion. First, Defendants argue that that Rule 54(d)(2)(B) is inapplicable to a request for fees incurred on appeal but directed to the district court. Second, they argue that even if Rule 54(d)(2)(B) applies, the Motion is nevertheless timely filed. Third, they argue that even if the motion was not timely filed, the requirement should be waived as excusable neglect pursuant to Rule 6 of the Federal Rules of Civil Procedure. The Court finds that Rule 54(d)(2)(B) does not apply and also that the Motion was timely filed because the delay in filing was not unreasonable.

Concerning the applicability of Rule 54(d)(2)(B) to the Motion for Attorney's Fees on Appeal, Defendants contend that the Rule does not apply because the Motion arises out of a judgment from the appellate court and is therefore governed by the rules of appellate procedure. To understand whether Rule 54(d)(2)(B) should apply, the Court must first consider whether the fees petition should have been filed in the district court or the court of appeals before considering which rules of procedure should apply.

in relation to the results obtained and were necessary. The memorandum addresses each of these contentions in turn.

*1. Timeliness of Fee Request*

Plaintiff argues that Defendants' Motion for Attorney's Fees on Appeal is not timely and should be denied. "[P]ursuant to [Federal Rule of Civil Procedure] Rule 54(d)(2)(B), a fee petition must be filed no later than fourteen days after entry of judgment, unless otherwise provided by statute or order of the court. *Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 258 (4th Cir. 2008) (quotations and citations omitted). The Fourth Circuit's Order of Judgment was entered on the docket on May 4, 2016. Dkt. No. 140. Defendants' Motion was not filed until June 10, 2016, 37 days after the issuance of the Order.

Defendants present a number of arguments for the timeliness of the Motion. First, Defendants argue that that Rule 54(d)(2)(B) is inapplicable to a request for fees incurred on appeal but directed to the district court. Second, they argue that even if Rule 54(d)(2)(B) applies, the Motion is nevertheless timely filed. Third, they argue that even if the motion was not timely filed, the requirement should be waived as excusable neglect pursuant to Rule 6 of the Federal Rules of Civil Procedure. The Court finds that Rule 54(d)(2)(B) does not apply and also that the Motion was timely filed because the delay in filing was not unreasonable.

Concerning the applicability of Rule 54(d)(2)(B) to the Motion for Attorney's Fees on Appeal, Defendants contend that the Rule does not apply because the Motion arises out of a judgment from the appellate court and is therefore governed by the rules of appellate procedure. To understand whether Rule 54(d)(2)(B) should apply, the Court must first consider whether the fees petition should have been filed in the district court or the court of appeals before considering which rules of procedure should apply.

Circuit and district courts are not in agreement on whether requests for attorney fees on appeal should be filed in the district court or in the court of appeals. One appellate court has summarized the state of the law in the courts of appeals:

> Determining the amount of a reasonable attorney's fee, ultimately a decision that may combine extensive fact finding with a large amount of discretion, is a process well suited to the usual functions and operations of the trial court; in contrast, the essential role of an appellate court is to review for errors of law or abuse of discretion. We recognize, of course, that while the practice in some other circuits has varied, *see, e.g., Ekanem v. Health & Hosp. Corp.*, 778 F.2d 1254, 1257 (7th Cir. 1985) ("our research reveals that a petition on entitlement to appellate attorneys fees may be filed in either the district court or the court of appeals"); *Barnes v. Bosley*, 764 F.2d 490, 490–91 (8th Cir. 1985) (circuit court awarded attorney's fee to appellees for successfully resisting appellants' petition for certiorari); and *compare Furtado v. Bishop*, 635 F.2d 915, 920 (1st Cir. 1980) (circuit court disregarded usual rule that trial court determine attorney's fees in order to expedite final decision), it has long been held proper for the district court to assess counsel fees for work performed before the Supreme Court. *See, e.g., Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 874 F.2d 242 (5th Cir. 1989) (per curiam) (on remand from Supreme Court to recalculate attorney's fee, circuit court remanded to district court); *Local 17, Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers v. Young*, 775 F.2d 870, 873–74 (7th Cir. 1985) (reviewing cases holding district court may assess counsel fees for work before Supreme Court); *Davis v. Board of Sch. Comm'rs*, 526 F.2d 865, 869 (5th Cir. 1976) (district court must award attorney's fees for work before Supreme Court).

*Dague v. City of Burlington*, 976 F.2d 801, 803 (2d Cir. 1991).

A number of district courts have expressed confusion about their authority to entertain claims for fees incurred on appeal. *See, e.g., Evans v. Loveland Auto. Investments, Inc.*, 2016 WL 1247639, at *3 (D. Colo. Mar. 30, 2016) ("neither the Tenth Circuit's order nor its mandate say anything about attorneys' fees on appeal. Thus, any order from this Court awarding attorneys' fees on appeal would be a modification of the Tenth Circuit's mandate, and this Court obviously has no authority to modify the mandate."); *Orth v. Wisconsin State Employees Union, Council 24*, 2008 WL 5113851, at *1 (E.D. Wis. Dec. 2, 2008) ("I note that it is unclear what authority this Court has to award attorney's fees on appeal . . . it appears the typical practice is that applications for fees on appeal are made to the appellate court, especially when discretion is

involved."); *Marcum v. Dahl*, 535 F. Supp. 48, 49–50 (W.D. Okla. 1981) ("An award of attorneys' fees and expenses by this Court as requested by the Motion under consideration would be an amendment to or alteration of the Judgment of the Court of Appeals and not the Judgment of this Court. Only the Court of Appeals may amend or alter its Judgment."). Other district courts adopt a reasonableness deadline for fees on appeal based on when the amount of fees became known or when the case was completed in its entirety. *See Smith v. Bd. of Trustees of Univ. of Florida*, 2008 WL 5381506, at *1 (N.D. Fla. Dec. 18, 2008); *see also Taylor v. USF-Red Star Exp., Inc.*, 212 F. App'x 101, 112 (3d Cir. 2006) ("Notice is a greater concern in initial motions for attorney's fees than it is in supplemental motions, and courts considering the timeliness of supplemental motions have allowed those motions to be filed as long as their timing was reasonable."); *Columbia Steel Casting Co., Inc. v. Portland Gen. Elec. Co.*, 31 F. Supp. 2d 866, 868 (D. Or. 1998) (finding plaintiff's motion for supplemental attorney's fees was timely, despite being filed more than fourteen days after the entry of judgment, because it was "filed within a reasonable time after the amount of fees incurred was known").

The local rules of the Fourth Circuit are silent on the award of attorney's fees and case law in the circuit does not point to a preferred procedure. In *Scott v. Young*, the Fourth Circuit decided the merits of a request for attorney's fees on appeal but remanded the calculation of the fees to the district court. 421 F.2d 143, 145 (1970) ("Plaintiff, Ada Scott, has moved under 42 U.S.C. § 2000a-3(b) for allowance of attorney fees for this appeal. The motion is granted and the case is remanded to the District Court to determine the amount."). The Fourth Circuit has also decided the merits and the amount of fees to which counsel was entitled on appeal. *See Kerns v. Consolidation Coal Co.*, 247 F.3d 133, 133 (2001) ("Consolidation Coal is ordered to pay directly to Kerns' attorney, Robert Cohen, the sum of $12,258.04 as compensation for his

attorney's fees and expenses incurred while pursuing statutory attorney's fees on appeal."). Some district courts in the Fourth Circuit have entertained motions for fees incurred on appeal; albeit taking for granted that district courts have jurisdiction over the appellate fee petition. *See JTH Tax*, 245 F. Supp. 2d at 758; *Republic Ins. Co. v. Culbertson*, 717 F. Supp. 415, 421 (E.D. Va. 1989) (finding that an indemnity agreement permitted the district court to award fees incurred on appeal); *Alexander v. Hill*, 570 F. Supp. 417, 417-18 (W.D.N.C. 1983) (awarding fees incurred on appeal where Fourth Circuit affirmed decision of the district court). No case in this circuit squarely states the filing deadline for such a motion.

Defendants direct the Court to a number of decisions in other circuits that purportedly support their argument that Rule 54(d) does not apply to motions for attorney's fees incurred in the appellate courts. *See JCW Invs. Inc. v. Novelty, Inc.*, 509 F.3d 339, 342 (7th Cir. 2007) ("Likewise unsupported is Novelty's contention that Federal Rule of Civil Procedure 54(d), which provides the vehicle and deadline (also 14 days) for motions for attorneys' fees in the *district court*, should apply by analogy to such motions in the appellate courts.") (emphasis original); *McDonald v. McCarthy*, 966 F.2d 112, 114 (3d Cir. 1992) ("McDonald's request for attorneys' fees was filed more than fourteen days after this court [the Third Circuit] affirmed the district court's order. However, the motion for additional attorneys' fees was not untimely."); *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 2015 WL 6739022, at *3 (S.D. Tex. Nov. 4, 2015) ("The Sixth Circuit…and the Seventh Circuit…have held that the 14–day deadline applies only to fees incurred in the district court and that Rule 54 is silent on the deadline for appellate fees."); *see also* Moore's Federal Practice – Civil § 54.151 ("Rule 54(d)(2)'s 14-day period does not apply to a request submitted to the court of appeals for an award of fees incurred on appeal.").

As Plaintiff correctly observes, none of these cases bear on whether the district court should apply its own rules or the rules of the appellate court with respect to filing deadlines for actions filed in the district court. With the exception of *Symetra*, the cases cited by Defendants reveal nothing more than the axiom that courts of appeals observe their own rules of procedure, as opposed to the Rules of Civil Procedure, for their proceedings. Though the district court in *Symetra* did entertain a motion for fees on appeal outside of the fourteen day deadline imposed by Rule 54(d)(2)(B) and carefully analyzed the rationale behind the Rule, it mooted any finding that the Rule did not apply because "[l]ess than 14 days after the Fifth Circuit's remand and mandate, Symetra was granted an extension of time to file its attorneys' fees request. Symetra filed its request within the extended period." *Symetra*, 2015 WL 6739022, at *3. Thus the fee petition in *Symetra* was appropriate because it complied with the court's extension of time, not because the fourteen day time limit was inapplicable.

Plaintiff suggests that the Court instead adopt the reasoning in *S. Tex. Elec. Coop. v. Dresser-Rand Co.* 2010 WL 1855959, at *1 (S.D. Tex. May 5, 2010). In *Dresser-Rand*, the plaintiff obtained judgment in its favor and its motion for recovery of attorney's fees went unopposed. *Id.* The motion for attorney's fees did not state that appellate attorney's fees were being sought or would be sought in the future. *Id.* After the award of attorney's fees, defendant appealed the merits of the case and the Fifth Circuit issued a mandate affirming the district court on July 31, 2009. *Id.* Plaintiff requested fees on appeal on October 26, 2009, almost two years after the district court's original entry of judgment. *Id.* The court dismissed the petition for fees on appeal as untimely because the petition did not comply with Rule 54 of the Federal Rules of Civil Procedure. *Id.* at *2. The court observed that despite the fact that a request for fees on appeal at the time of the initial judgment may appear speculative and unripe, Rule 54 does not

excuse the parties from making a request for all fees within fourteen days of judgment and in fact permits speculation because it requires only a fair estimate of fees. *Id.* In support, the court cited to the following passage from the advisory committee's notes on the 1993 amendments.

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.

Fed. R. Civ. P. 54 advisory committee's note on 1993 amendments; *Dresser-Rand*, 2010 WL 1855959, at *2–3. The court determined that the date of judgment for Rule 54 must be the judgment of the district court and not that of the court of appeals because the "Federal Rules [of Civil Procedure] 'govern the procedures in all civil actions and proceedings in the *United States District Courts*." *Id.* at *3 (quoting Fed. R. Civ. P. 1) (emphasis original). Thus, Rule 54 can only refer to a judgment entered by the district court and not a judgment or mandate of the court of appeals.

Plaintiff's proposed framework is troublingly onerous. Under *Dresser-Rand* a prevailing party would need to include "magic words" in their initial fee petition indicating that the fee demand not only applies to those accrued in the district court but also extends to all possible fees on appeal. Otherwise the prevailing party may be barred from recovery of fees on appeal. A prevailing party's failure to make the demand for fees on appeal at the district court stage changes the calculus for the losing party who may feel emboldened to pursue a less-than meritorious appeal because they are no longer subject to the fee-shifting provision to which they agreed. The successful party would also need to provide at least a "fair estimate" of what the fees on appeal might entail—a highly speculative task when the scope of any possible appeal is

not known at the time fees must be requested. Failure to satisfy either of these requirements would prevent the recovery of appellate fees even if the underlying petition was timely under Rule 54. Furthermore, application of the *Dresser-Rand* standard may preclude fee recovery by a party who lost in the district court, and therefore had no basis for filing a petition for fees at that time, but obtained a complete reversal on appeal, and thereafter elected to file the fees on appeal petition in the district court.

Both parties have staked polarized positions and the case law of this circuit does not propel the Court in either direction. Plaintiff's approach requires the Court to deny any fee petition, including for fees on appeal, unless it was noticed within fourteen days of the original judgment. This places an unreasonable burden on the parties immediately after trial when they may not be prepared to determine both district court fees and prospective appellate fees. Defendants' approach requires the Court to impose no deadline at all. Doing so transforms the appellate fee petition into a sword of Damocles hanging over the losing party for as long as the prevailing party may see fit. Surveying the legal landscape for solutions that appropriately strike the balance between these opposing views, the Court finds that best option supported by the case law of any circuit is the imposition of a reasonableness standard for supplemental fees. *See Smith v. Bd. of Trustees of Univ. of Florida. See* 2008 WL 5381506 at *1 ("the 14-day limit under Fed.R.Civ.P. 54(d)(2)(B) applies to initial motions for attorney fees, but not to supplemental petitions for post-judgment work. Supplemental attorney fee petitions may be considered by a court when filed within a reasonable period of time, with consideration given to when the amount of supplemental fees becomes known or when the case is completed in its entirety."). Adopting the *Smith* standard preserves the right for the Court to deny a claim if it is inexcusably delayed but avoids unjustifiably imposing the hard deadline of Rule 54 to this

supplemental, appellate fee demand.

Defendants' appellate fee petition is timely under the *Smith* reasonableness standard. In *Smith*, the court found that the logical starting point for the fee petitions, including for appellate fees, was the entry of the last necessary order by the district court in January 2008. *Id.* The fee claimant's provision of detailed billing records to the payor in April 2008 was not an unreasonable delay following that last order. *Id.* In this case, the last order was the entry of judgment by the Court of Appeals on May 4, 2016. At that point, "the amount of supplemental fees becomes known" and "the case [was] completed in its entirety." *Id.* Defendants filed their motion for appellate fees on June 10, 2016, well within the two months to exchange billing records which was deemed reasonable in *Smith*. *See id.* Furthermore, Defendants' motion was made within fourteen days of the Court's order that it would conduct a hearing on attorney's fees. *See* Dkt. No. 142. Plaintiff has presented no evidence that Defendants engaged in dilatory tactics or that it was prejudiced by the twenty-three days that transpired from the Fourth Circuit's judgment to the motion for appellate fees.

For the foregoing reasons, the Court finds that Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure does not apply to a motion for fees on appeal brought in the district court. For want of an express filing deadline, the Court finds that the Motion for Fees on Appeal was timely because it was filed within a reasonable time after the last necessary order resolving the case.

*2. Necessity and Reasonableness of Fees in Relation to the Results Obtained*

Defendants request $58,371.95 in fees incurred on appeal.[6] To assess this fee petition, the Court "must first determine a lodestar figure by multiplying the number of reasonable hours

[6] Defendants originally requested $58,549.55 in attorney's fees incurred in connection with the appeal before the Fourth Circuit. This figure was reached when Defendants "voluntarily reduced" the $62,956.50 of attorney fees they claimed to have incurred on appeal by 7%, to account for the percentage of the case involving the issue of attorney fees "as measured by the amount of each party's brief devoted thereto." Dkt. No. 144 at 1, n. 1.

expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). After the lodestar figure is calculated, "the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88. Finally, the court "award[s] some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* To establish the lodestar, the Court first assesses whether any of the billing entries are not reasonably related to the appellate proceeding before turning to the reasonableness of Defendants' billing rates.

**a. Reasonableness of Billing Entries**

The parties do not dispute that Defendants were the prevailing party on appeal on all issues except the appropriateness of the attorney's fee award. Defendants argue that the fees are reasonable because Plaintiff included (and Defendants were forced to respond to) excessive non-record materials in the appendix submitted to the Fourth Circuit, Plaintiff advanced novel legal theories on appeal, and a number of timekeepers had to contribute to the case as it transferred with Defendants' lead counsel through three law firms over the life of the case. Defendants also exercised billing judgment by reducing the total bill by 10% to account for the time devoted to the district court fees issue on appeal on which Defendants were not successful—minus the entries devoted to the parties' dispute over the constitution of the appendix which Defendants contend is wholly unrelated to the fees issue.

Plaintiff counters that the appellate fees petition is unreasonable for two reasons. First, the fee demand is nearly twice as large as Plaintiff's fees for the same proceeding[7] despite the fact that Plaintiff had the greater responsibility to identify the issues on appeal and compile the appendix. Second, Plaintiff observes that the majority of Defendants' time was billed to "analysis" and interoffice communications or discussions—twenty-five such entries by

[7] Plaintiff avers that their total fees for all post judgment proceedings were $31,427.50.

Plaintiff's calculation. Plaintiff contends that these entries are not reasonably related to the drafting of Defendants' brief in opposition.[8]

Plaintiff's objections to the billing entries are without merit. Respecting the relative amount of time that the parties devoted to the case, Defendants were forced to expend significant hours litigating their Motion to Strike Plaintiff's portions of the appendix which were not appropriate. Defendants also billed a number of hours *in opposition* to Plaintiff's Motion to Stay. Thus while Plaintiff did bear the responsibility of identifying issues on appeal and compiling the appendix, its doing so placed Defendants on the defensive, needing to carefully review and respond to Plaintiff's maneuvers.

Plaintiff's complaints about vague "analysis" and "communications" entries are similarly unavailing. While "[v]ague task descriptions present [a] barrier to a reasonableness review", Plaintiff has not pointed to specific "analysis" or "communication" entries which are so vague. *Route Triple Seven Ltd. P'ship v. Total Hockey, Inc.*, 127 F. Supp. 3d 607, 621 (E.D. Va. 2015). The entries are not *per se* vague because they include the word "analysis" or the fact that they refer to inter-office communications. After careful review of the entries, it does not appear that any of the analysis or communications entries are so vague that they "frustrate any attempt to assess the reasonableness of the time devoted to that task." *Id.* There is no evidence that Defendants were engaged in excessive review of immaterial documents. *See, e.g., Latin Am. Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church*, 488 F. Supp. 2d 33, 39 (D.P.R. 2007) (finding one hour spent reviewing six sentence minutes of status conference and one hour reviewing and analyzing a notice of appearance pro hac vice were

---

[8] Plaintiff also contends that Defendants unreasonably applied a blanket 7% reduction to their fee demand to account for the portion of its time devoted to the district court fees issue on which it did not prevail before the Fourth Circuit. For the reasons set forth in the Court's January 4, 2017 Order, this approach is not warranted. Anticipating such a ruling, Defendants adopt a different method for calculating fees on appeal in their supplemental brief thereby mooting this portion of Plaintiff's opposition.

inappropriate time entries). Even the vaguest such entries, e.g. November 16, 2014, 1.6 hours to "Analyze Plaintiff's Appellate Brief" nevertheless are reasonably related to Defendants response on appeal. Plaintiff's Appellate Brief is the essential filing to the proceedings before the Fourth Circuit and it warranted Defendants' careful review and analysis.

The Court does note one instance where a matter was improperly billed. Mr. Ruhling block billed his entries for preparation, travel, and delivery of the oral arguments across two entries on August 14 and 15, 2015 despite the fact that travel time should be billed at a lower rate. *See Priestley v. Astrue*, 651 F.3d 410, 419 (4th Cir. 2011) (finding that reducing rate for travel time was not an abuse of district court's discretion); *see also Cooper v. United States R.R. Retirement Bd.*, 24 F.3d 1414, 1417 (D.C. Cir. 1994) (compensating travel time at a reduced rate). However, the fact that Mr. Ruhling billed at too high a rate for approximately three and a half hours is more than accommodated by the ten percent across the board cut that Defendants have proposed for offsetting any time spent on the fees portion of the appeal—upon which the Defendants spent scant time during their briefing.

For these reasons, the Court finds that the time entries, after factoring in the 10% reduction are reasonable in relation to the work Defendants undertook on appeal.

**b. Reasonableness of Rates**

Defendants set forth the rates for their timekeepers involved in the appeal as follows:

| Time Keeper Name | Years of Practice Experience | Hourly Rate |
|---|---|---|
| Billy B. Ruhling, II | 15 | $475-520 |
| Massie Cooper | 5 | $290 |
| Michael S. Lieberman | 35 | $475 |
| Jonathan Mook | 38 | $475 |
| Harvey B. Cohen | 56 | $475 |

To determine whether the hourly rates are reasonable, the Court anchors its analysis with the *Vienna Metro* Matrix that other courts have found to be representative of the prevailing rates

in Northern Virginia. *See Vienna Metro LLC v. Pulte Home Corp.*, 786 F.Supp.2d 1090 (E.D. Va. 2011); *see also Taylor v. Republic Servs.*, 2014 WL 325169 (E.D. Va. 2014). The *Vienna Metro* Matrix provides the following hourly rates by year of practice in 2011:

| Years of Experience | Paralegal | 1–3 | 4–7 | 8–10 | 11–19 | 20+ |
|---|---|---|---|---|---|---|
| **Hourly Rate** | $130–350 | $250–435 | $350–600 | $465–640 | $520–770 | $505–820 |

Despite the fact that the *Vienna Metro* Matrix is now more than five years old, the rates proposed by the Defendants still fall on the conservative end of the matrix. Plaintiff has not argued that any of the hourly rates are unreasonable and the Court finds no basis for objection. Accordingly, the Court adopt the hourly rates proposed by the Defendants with Mr. Ruhling billed at $475 for all of his services on appeal and Ms. Green billed at the same rate that she was billed for the district court proceedings, $145 per hour.

### c. Lodestar for Fees on Appeal

Having established that the billing entries on appeal are reasonable after factoring in Defendants 10% reduction and after amending the rates for attorneys as appropriate, the following table summarizes the fees on appeal:

| Time Keeper | Total Hours Worked | Hours Subject to 10% Reduction for Relationship to Fee Issues | Expressly Non-fee Hours | Allowed Billing Rate | Adjusted Amount |
|---|---|---|---|---|---|
| Billy B. Ruhling, II | 57.7 | 49.9 | 7.8 | $475 | $25,037.25 |
| Massie Cooper | 93.2 | 48.3 | 44.9 | $290 | $25,627.30 |
| Michael Lieberman | 3.8 | 3.8 | 0 | $475 | $1,624.50 |
| Jonathan Mook | 3.6 | 3.6 | 0 | $475 | $1,539.00 |
| Harvey Cohen | 5.8 | 5.8 | 0 | $475 | $2,479.50 |
| Abbie Green | 6.6 | 1.9 | 4.7 | $145 | $929.45 |
| **TOTALS** | **383.1** | **113.3** | **58.4** | | **$57,237.00** |

in Northern Virginia. *See Vienna Metro LLC v. Pulte Home Corp.*, 786 F. Supp. 2d 1090 (E.D. Va. 2011); *see also Taylor v. Republic Servs.*, 2014 WL 325169 (E.D. Va. 2014). The *Vienna Metro* Matrix provides the following hourly rates by year of practice in 2011:

| Years of Experience | Paralegal | 1–3 | 4–7 | 8–10 | 11–19 | 20+ |
|---|---|---|---|---|---|---|
| **Hourly Rate** | $130–350 | $250–435 | $350–600 | $465–640 | $520–770 | $505–820 |

Despite the fact that the *Vienna Metro* Matrix is now more than five years old, the rates proposed by the Defendants still fall on the conservative end of the spectrum. Plaintiff has not argued that any of the hourly rates are unreasonable and the Court finds no basis for objection. Accordingly, the Court adopt the hourly rates proposed by the Defendants with Mr. Ruhling billed at $475 for all of his services on appeal and Ms. Green billed at the same rate that she billed for the district court proceedings, $145 per hour.

**c. Lodestar for Fees on Appeal**

Having established that the billing entries on appeal are reasonable after factoring in Defendants 10% reduction and after amending the rates for attorneys as appropriate, the following table summarizes the fees on appeal:

| Time Keeper | Total Hours Worked | Hours Subject to 10% Reduction for Relationship to Fee Issues | Expressly Non-fee Hours | Allowed Billing Rate | Adjusted Amount |
|---|---|---|---|---|---|
| Billy B. Ruhling, II | 57.7 | 49.9 | 7.8 | $475 | $25,037.25 |
| Massie Cooper | 93.2 | 48.3 | 44.9 | $290 | $25,627.30 |
| Michael Lieberman | 3.8 | 3.8 | 0 | $475 | $1,624.50 |
| Jonathan Mook | 3.6 | 3.6 | 0 | $475 | $1,539.00 |
| Harvey Cohen | 5.8 | 5.8 | 0 | $475 | $2,479.50 |
| Abbie Green | 6.6 | 1.9 | 4.7 | $145 | $929.45 |
| **TOTALS** | **383.1** | **113.3** | **58.4** | | **$57,237.00** |

As represented in the foregoing table, the Court awards Defendants $57,237.00 in fees incurred on appeal.

C. Bill of Costs for Appellate Proceedings

Defendants request $1,010.16 in costs incurred in connection with the Fourth Circuit appeal. Specifically, Defendants have requested $175.00 in transcript costs and $835.16 for "printing/binding of Appellate Brief." Dkt. No. 144 at 3.

Defendants cite no legal authority for their entitlement to the costs on appeal. As Plaintiff observes, Federal Rule of Appellate Procedure 39(a)(4) provides that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed *only as the court orders*." (emphasis added). A party seeking costs from the court of appeals must file an itemized and verified bill within fourteen days of the entry of judgment. Fed. R. App. P. 39(a)(4)(d)(1). The Federal Rules of Appellate Procedure also explicitly enumerate the types of costs on appeal which are taxable in the district court. *See* Fed. R. App. P. 39(e). The district court may tax costs for: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal. *Id.* "Although some costs are 'taxable' in the Court of Appeals, all costs are recoverable in the district court after issuance of the mandate." 4th Cir. R. 39(c). Thus the district court has jurisdiction to provide for the recovery of any costs, but costs taxable only to the Court of Appeals must be certified by the clerk of the Court of Appeals to the district court. *Id.*

The costs for the transcript are properly taxed by the district court and are therefore subject to the filing deadline imposed by the local rules of this court. *See* Rule 54: Judgment; Costs, 2 Federal Rules of Civil Procedure, Rules and Commentary Rule 54 ("Rule 54(d)(1) does

not set a specific time for parties to seek costs. In most districts, it is addressed by local rule. Absent that, it appears that parties may seek costs at any time so long as there is not unreasonable delay."). The Eastern District of Virginia Local Rules require that "[t]he party entitled to costs shall file a bill of costs as provided in 28 U.S.C. §§ 1920 and 1924 within eleven (11) days from the entry of judgment, unless such time is extended by order of the Court." E.D. Va. R. 54(D)(1). Further, "[s]uch bill of costs shall distinctly set forth each item thereof so that the nature of the charge can be readily understood. An itemization and documentation for requested costs in all categories shall be attached to the cost bill. Costs will be disallowed if proper documentation is not provided." *Id.* Notwithstanding whether the bill of costs was timely filed, the threadbare table provided on page 3 of Defendants' Motion for Fees on Appeal offers no documentation to support the requested costs. Furthermore, Defendants must show that the transcript was "necessary to determine the appeal." Fed. R. App. P. 39(e). Defendants have offered no evidence in support of this need. Accordingly, Defendants have failed to provide an adequate bill of costs for transcript fees and this portion of the Motion for Costs must be denied.

The costs for printing and binding the briefs must be taxed by the Court of Appeals. *See* Fed. R. App. P. 39(e). Therefore, Defendants are required to file a bill of cost with that court which, upon review, may be included in the mandate and thereafter enforced in judgment by the Court. To the best of the Court's knowledge, Defendants have not filed a bill of costs with the Court of Appeals and no bill of costs was issued with, or supplemented to, the Mandate. Whether or not Defendants may appropriately file a bill of costs with the Court of Appeals at this juncture is within the jurisdiction of that court.

Because the bill of costs is in part jurisdictionally and in whole factually infirm, the Court denies the Motion for Costs. To the extent that a subsequent motion is not time-barred, Defendants may file it pursuant to the rules of the court in which it should be filed.

## IV. Conclusion

For the reasons discussed above, the Court hereby ORDERS that Defendants' Motions are GRANTED IN PART and DENIED IN PART. Defendants' are entitled to $89,641.69 in fees incurred in the district court proceeding and $57,237.00 in fees incurred on appeal less a credit of $99,717.85 that Plaintiff previously tendered to satisfy the original fee award. Defendants' Motion for Costs on Appeal is DISMISSED WITHOUT PREJUDICE and any motions for costs which are not time-barred as discussed above may be refiled in the appropriate court.

March 24, 2017
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge